Lisa Ells – Cal. Bar No. 243657*
Jenny S. Yelin – Cal. Bar No. 273601*
ROSEN BIEN GALVAN &
GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California  94105-2235
Telephone:    (415) 433-6830
Facsimile:     (415) 433-7104
lells@rbgg.com
jyelin@rbgg.com

Lance Weber – Fla. Bar No. 104550*
Sabarish Neelakanta – Fla. Bar No. 26623*
HUMAN RIGHTS DEFENSE CENTER
Post Office Box 1151
Lake Worth, Florida  33460-1151
Telephone:    (561) 360-2523
Facsimile:     (866) 735-7136
lweber@humanrightsdefensecenter.org
sneelakanta@humanrightsdefensecenter.org

David J. Bodney
bodneyd@ballardspahr.com
Heather Todd Horrocks
horrocksh@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595

* *Pro Hac Vice* applications to be filed
forthwith

Attorneys for Plaintiff Prison Legal News

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prison Legal News, a project of the Human Rights Defense Center,<br><br>    Plaintiff,<br><br>    v.<br><br>Charles L. Ryan, in his official capacity as Director of the Arizona Department of Corrections and in his individual capacity; Gail Rittenhouse, in her official capacity as Division Director, Support Services of the Arizona Department of Corrections and in her individual capacity; Jeff Hood, in his | NO. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**<br><br>**JURY TRIAL DEMANDED** |

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

official capacity as Deputy Director of the Arizona Department of Corrections and in his official capacity; Alf Olson, in his official capacity as an employee of the Office of Publication Review of the Arizona Department of Corrections and in his individual capacity; and Does 1 to 20, inclusive,

Defendants.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

## INTRODUCTION

1.      Plaintiff PRISON LEGAL NEWS ("PLN" or "Plaintiff"), a project of the Human Rights Defense Center, brings this action regarding Defendants' censorship of four issues of its monthly publication mailed to prisoners in the Arizona Department of Corrections ("ADC"), in violation of PLN's clearly established rights under the First and Fourteenth Amendments to the United States Constitution.  Defendants have adopted and implemented mail policies and a pattern of practices that unconstitutionally prevent distribution of PLN's eponymously named monthly publication. The censored issues contain articles that include non-salacious descriptions of sexual activity to make clear the factual basis for legal cases of interest to PLN's readers.  In particular, Defendants refuse to deliver issues of PLN's monthly publication to subscribers in ADC facilities when those issues contain articles describing sexual contact between jail or prison guards and prisoners to which the prisoners did not consent.

2.      Defendants' mail policies and practices also do not afford constitutionally adequate notice and an opportunity to challenge Defendants' censorship, in violation of PLN's right to due process.  Defendants' actions violate PLN's rights and the rights of others under the First Amendment and the Due Process Clause of the Fourteenth Amendment.   PLN thus brings this action, pursuant to 42 U.S.C. § 1983, seeking injunctive and declaratory relief, and damages to be proven at trial.

## JURISDICTION AND VENUE

3.      This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.  The Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57.

4.      Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b)(2) because substantial acts and omissions giving rise to the claims occurred in this District, including Defendants' implementation of the challenged mail policies and practices, and because Defendants reside in this District.

**PARTIES**

5.     Plaintiff PRISON LEGAL NEWS is a project of the Human Rights Defense Center, a Washington non-profit corporation.  PLN publishes a 72-page monthly journal of corrections news and analysis called *Prison Legal News*, and distributes books about the criminal justice system and legal issues affecting prisoners to prisoners, lawyers, courts, libraries, and the public throughout the country.

6.     The Defendants listed below are sued in their official capacities only for equitable relief as to each and every violation of federal rights alleged in this complaint. Defendants are also sued in their individual capacities for damages.

7.     Defendant CHARLES L. RYAN ("RYAN") is, and at all relevant times herein mentioned was, the Director of the ADC, the state agency that manages the correctional facilities within the State of Arizona.  Defendant RYAN has ultimate responsibility for the promulgation and implementation of ADC policies, procedures, and practices and for the management of the ADC.  As to all claims presented herein against him, Defendant RYAN is being sued in his individual capacity for damages, and in his official capacity for injunctive and declaratory relief.  At all relevant times, Defendant RYAN has acted under color of state law.

8.     Defendant GAIL RITTENHOUSE is, and at all relevant times herein mentioned was, Division Director, Support Services of ADC.   Defendant RITTENHOUSE is responsible for the promulgation and implementation of policies, procedures, and practices at the ADC.  As to all claims presented herein against her, Defendant RITTENHOUSE is being sued in her individual capacity for damages, and in her official capacity for injunctive and declaratory relief.   At all relevant times, Defendant RITTENHOUSE has acted under color of state law.

9.     Defendant JEFF HOOD is, and at all relevant times herein mentioned was, Deputy Director of ADC.  Defendant HOOD is responsible for the promulgation and implementation of policies, procedures, and practices at the ADC.  As to all claims presented herein against him, Defendant HOOD is being sued in his individual capacity

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

4

for damages, and in his official capacity for injunctive and declaratory relief.   At all relevant times, Defendant HOOD has acted under color of state law.

10.     Defendant ALF OLSON is, and at all relevant times herein mentioned was, an ADC employee who worked or works in the Office of Publication Review.  Defendant OLSON is responsible for the promulgation and implementation of policies, procedures, and practices at the ADC.  As to all claims presented herein against him, Defendant OLSON is being sued in his individual capacity for damages associated with clearly established federal rights, and in his official capacity for injunctive and declaratory relief.  At all relevant times, Defendant OLSON has acted under color of state law.

11.     The names and capacities of the persons sued as DOES 1 to 20, inclusive, herein are unknown to Plaintiff at this time.  Each of Defendants DOES 1 through 20 is or was employed by and is or was an agent of ADC when some or all of the challenged prisoner mail policies and practices were adopted and/or implemented.   Each of Defendants DOES 1 through 20 is or was personally involved in the adoption and/or implementation of the ADC's mail policies for prisoners, and/or is or was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and/or control of the ADC staff who interpret and implement these prisoner mail policies.  Each of Defendants DOES 1 through 20 is or was acting under color of state law.  Each of Defendants DOES 1 through 20 is sued in his or her individual capacity for damages and his or her official capacity for injunctive and declaratory relief.  PLN will seek to amend this Complaint as soon as the true names and identities of Defendants DOES 1 through 20 have been ascertained.

12.     Each and every act and omission alleged herein of Defendants, their officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color of state law and within the scope of their official duties as officers, employees or agents of the ADC. Each Defendant was or is an agent of each other Defendant in committing the unconstitutional acts alleged in this complaint.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ  85004-2555

**FACTUAL BACKGROUND**

13.    Plaintiff PRISON LEGAL NEWS publishes and distributes *Prison Legal News: Dedicated to Protecting Human Rights*, a monthly journal of corrections news and analysis.  PLN also publishes and distributes paperback books about the criminal justice system and legal issues impacting prisoners.

14.    *Prison Legal News* has thousands of subscribers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and other members of the public.  PLN distributes its publication to prisoners and law librarians in approximately 2,600 correctional facilities across the United States, including institutions within the Federal Bureau of Prisons and all of the adult prisons of the California Department of Corrections and Rehabilitation.

15.    PLN also distributes approximately fifty (50) different books about the criminal justice system, legal reference books, and self-help books of interest to prisoners.  These books are designed to foster a better understanding of criminal justice policies and to allow prisoners to educate themselves about related issues, such as legal research, how to write a business letter, health care issues, and similar topics.

16.    Plaintiff's organizational purpose, as stated in its Articles of Incorporation, is to disseminate legal information on issues affecting prisoners and their loved ones on the outside and to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society, among other purposes.

17.    For more than 25 years, the core of PLN's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights.  PLN's mission, if realized, has a salutary effect on public safety.

18.    PLN engages in core protected speech and expressive conduct on matters of public concern, such as the operations of corrections facilities, jail and prison conditions, prisoner health and safety, and prisoners' rights.  PLN regularly receives correspondence from prisoners in correctional facilities around the country, including ADC prisons, in

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

which they ask questions and report on jail or prison conditions.

19.     Currently, PLN has ninety-seven (97) subscribers to its monthly publication at ADC facilities.  Despite ADC's recent censorship of issues of *Prison Legal News*, PLN continues to pursue its mission to promote public safety through educational and journalistic avenues by sending its monthly publication to prisoners confined at ADC prisons.

### Overview of Censorship and Lack of Due Process

20.     Until approximately March 2014, ADC prisoners who subscribed to *Prison Legal News* or ordered other publications from PLN generally received those publications without incident.

21.     Beginning in March 2014, Defendants began refusing to deliver certain issues of *Prison Legal News* to prisoner subscribers in the custody of ADC with more consistency.  In particular, Defendants refused to deliver the March 2014, April 2014, July 2014, and October 2014 issues of *Prison Legal News*.

22.     Defendants did not return the censored issues of *Prison Legal News* to PLN, nor did they provide any notice to PLN of their refusal to deliver the issues.  PLN only learned of the censorship from its subscribers.

23.     After PLN notified Defendant RYAN, the director of ADC, on February 6, 2015 of the unlawful censorship of *Prison Legal News* in ADC facilities and of Defendants' failure to provide due process to PLN, Defendants reconsidered some of their censorship decisions.  But to date, Defendants have still not delivered the full, uncensored version of the October 2014 issue of *Prison Legal News*, and some prisoner subscribers never received copies of the other three previously censored issues that Defendants ultimately agreed to deliver after PLN protested the censorship.

24.     Moreover, in its February 6, 2015 letter to Defendants, PLN asked Defendants to identify all issues of *Prison Legal News* that it censored from March 2014 to February 2015.  Defendants informed PLN about three of the four issues they had censored, but never informed PLN that they censored the March 2014 issue.  As alleged

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

*infra*, PLN later confirmed Defendants' censorship of the March 2014 issue from another source.

25.    ADC's mail policies (a true and correct copy of which are attached hereto as **Exhibit A**) state that publications are "prohibited" in ADC facilities if they contain, *inter alia*, "depictions or descriptions that incite, aid, or abet riots, work stoppages, or means of resistance," or "pictures, photographs, illustrations, text or other content that may encourage unacceptable sexual or hostile behaviors, or creates a hostile environment for volunteers, including but not limited to sexual representations of inmates, law enforcement, military, professional medical staff, teachers and Clergy." **Exhibit A**, ADC DO 914.08, Policy Numbers 1.1.1; 1.1.18.  ADC policies also prohibit publications with "sexually explicit material," which is defined as "publications that contain any of the following acts and behaviors either visually, written, or in audio (non-lyric) form: (1) Physical contact by another person with a person's unclothed genitals, pubic area, buttocks, or if such a person is a female, breast; (2) Sadomasochistic abuse; (3) Sexual intercourse, vaginal or anal, fellatio, cunnilingus, bestiality or sodomy; (4) Masturbation, excretory functions, and lewd exhibition of the genitals; (5) Incestuous sexual activity; (6) Sexual activity involving an unwilling participant, or a participant who is the subject of coercion, or any sexual activity involving children." **Exhibit A**, ADC DO 914.07, Policy Number 1.2.

26.    Defendants' policies do not contain an exception permitting delivery of publications that describe sexual acts in a non-salacious way as part of an article reporting on the facts of a court case or published legal decision, such as the articles in the issues of *Prison Legal News* that Defendants censored.

27.    Plaintiff is informed and believes and thereon alleges that ADC's censorship policies and practices are widespread.  In addition to their censorship of *Prison Legal News*, Defendants have also recently refused to deliver issues of publications such as *Bloomberg Business*, *The Economist*, *National Geographic*, and *Newsweek* to prisoner subscribers in ADC facilities.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

28.     Plaintiff is informed and believes and thereon alleges that Defendants' policies and practices continue to deprive publishers such as PLN of any notice or opportunity to appeal when their publications are not delivered to prisoner subscribers.

### Censorship of March 2014 Issue of *Prison Legal News*

29.     On or about March 10, 2014, PLN mailed its March 2014 *Prison Legal News* publication to ninety-seven (97) of ADC prisoners in Defendants' custody at the following ADC facilities: Arizona State Prison-Kingman; ASPC Aspen; ASPC Douglas; ASPC Eyman-Browning; ASPC Eyman-Cook; ASPC Eyman-Meadows; ASPC Eyman-Rynning; ASPC Eyman-SMU; ASPC Florence Central; ASPC Florence East; ASPC Florence North Unit; ASPC Florence South; ASPC Lewis-Barchey; ASPC Lewis-Buckley; ASPC Lewis-Rast; ASPC Lewi-Stiner; ASPC Perryville-Lumley; ASPC Perryville-San Pedro; ASPC Perryville-Santa Cruz; ASPC Santa Maria; ASPC Tucson-Cimarron; ASPC Tucson-Manzanita; ASPC Tucson-Rincon; ASPC Tucson-Winchester; ASPC Winslow; ASPC Yuma-Cheyenne; ASPC Yuma-Cibola; ASPC Yuma-Dakota; Central Arizona Correctional Institute; Central Arizona Correctional Facility; and Florence Correctional Center.   A true and correct copy of the March 2014 issue is attached hereto as **Exhibit B**.

30.     Plaintiff is informed and believes and thereon alleges that many of the prisoner subscribers incarcerated at the ADC facilities did not receive the March 2014 issue of *Prison Legal News*.  Several subscribers in ADC facilities wrote to Plaintiff to notify it that they did not receive the March 2014 issue, and/or sent Plaintiff copies of notices they received from Defendants informing them that the March 2014 issue was being withheld for purportedly violating Defendants' mail policies.

31.     PLN  has never received any notice from Defendants that the March 2014 issue, or any article in it, would not be delivered or was not delivered to the addressed recipients, even after PLN asked Defendants to identify all issues of *Prison Legal News* from March 2014 to February 2015 that were censored in ADC facilities.

32.     In 2015, the American Civil Liberties Union ("ACLU") submitted a request

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

pursuant to the Arizona Public Records Law, Ariz. Rev. Stat. §§ 39-121 et seq. to the ADC.  The ADC, in response, produced to the ACLU a copy of an ADC "Notice of Result-Publication Review" dated May 9, 2014 ("May 9, 2014 Notice"), which excluded the March 2014 issue of *Prison Legal News* from distribution in ADC facilities.  A true and correct copy of that notice is attached hereto as **Exhibit C.**

33.     The May 9, 2014 Notice states that the March 2014 issue of *Prison Legal News* was excluded because of "Riots/Work Stoppages/Resistance," and "Unacceptable Sexual or Hostile Behaviors," and cites to Department Order ("DO") 914.08, Policy Numbers 1.1.1 and 1.1.18 (*see* **Exhibit A**).  The Notice does not specify which article(s) or page(s) of the March 2014 issue of *Prison Legal News* purportedly violated those policies.

34.     There are no articles in the March 2014 issue of *Prison Legal News* which "incite, aid, or abet riots, work stoppages, or means of resistance," or that "may encourage unacceptable sexual or hostile behaviors."   **Exhibit A**, DO 914.08, Policy Numbers 1.1.1 and 1.1.18.

35.     Plaintiff is informed and believes and thereon alleges that the article in the March 2014 issue to which Defendants objected is on page 54 of the issue, and is entitled "Ninth Circuit Holds Staff Sexual Abuse Presumed Coercive; State Bears Burden of Rebutting Presumption."  *See* **Exhibit B** at 54.  The article describes the facts underlying a Ninth Circuit reported decision, including a non-salacious description of sexual contact between a prison guard and a prisoner in an Idaho prison, to which the prisoner did not consent.

36.     Plaintiff is informed and believes and thereon alleges that Defendants have never delivered the March 2014 issue to any PLN subscribers incarcerated in ADC facilities.

### Censorship of April 2014 Issue of *Prison Legal News*

37.     On or about April 4, 2014, PLN mailed its April 2014 *Prison Legal News* publication to one-hundred and fourteen (114) ADC prisoners in Defendants' custody at

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

the following ADC facilities: Arizona State Prison-Kingman; ASPC Aspen; ASPC Douglas; ASPC Eyman-Browning; ASPC Eyman-Cook; ASPC Eyman-Meadows; ASPC Eyman-Rynning; ASPC Eyman-SMU; ASPC Florence Central; ASPC Florence East; ASPC Florence North Unit; ASPC Florence South; ASPC Bachman; ASPC Lewis-Barchey; ASPC Lewis-Buckley; ASPC Lewis-Rast; ASPC Lewi-Stiner; ASPC Perryville-Lumley; ASPC Perryville-Piestewa; ASPC Perryville-San Pedro; ASPC Perryville-Santa Cruz; ASPC Santa Maria; ASPC Tucson-Cimarron; ASPC Tucson-Manzanita; ASPC Tucson-Rincon; ASPC Tucson-Winchester; ASPC Winslow; ASPC Yuma-Cheyenne; ASPC Yuma-Cibola; ASPC Yuma-Dakota; ASPC Phoenix-Alhambra; ASPC Safford-Tonto; Central Arizona Correctional Institute; Central Arizona Correctional Facility; and Florence Correctional Center.    A true and correct copy of the April 2014 issue of *PLN* is attached hereto as **Exhibit D**.

38.    PLN did not receive any notice from Defendants that the April 2014 issue, or any article in it, would not be delivered or was not delivered to the addressed recipients.

39.    Plaintiff is informed and believes and thereon alleges that many of the prisoner subscribers incarcerated at the ADC facilities did not receive the April 2014 issue of *Prison Legal News*.  Several subscribers in ADC facilities wrote to Plaintiff to notify it that they did not receive the April 2014 issue, and/or sent Plaintiff copies of notices they received from Defendants informing them that the April 2014 issue was being withheld for purportedly violating Defendants' mail policies.

40.    On or about March 20, 2015, in response to a letter from PLN regarding the censorship of its publications in ADC facilities, Assistant Attorney General Pamela J. Linnins informed PLN that the April 2014 issue of *Prison Legal News* had been excluded from ADC prisons.  Ms. Linnins did not identify the reason for the censorship of the April 2014 issue.

41.    In the same letter, Ms. Linnins also notified PLN that, after PLN objected to the censorship, Defendants had reconsidered their decision to withhold the April 2014

1   issue of *Prison Legal News* from distribution to subscribers in ADC facilities.

2       42.    On or about May 26, 2015, after PLN sent a follow-up letter objecting to

3   the censorship and requesting Defendants' basis for doing so, Defendants provided PLN

4   with a copy of the Notice of Result-Publication Review for the April 2014 issue of *Prison*

5   *Legal News*, which had a "Review Date" of November 25, 2014 ("November 25, 2014

6   Notice"). A true and correct copy of the November 25, 2014 Notice is attached hereto as

7   **Exhibit E.**

8       43.    The November 25, 2014 Notice states that the April 2014 issue of *Prison*

9   *Legal News* was excluded from ADC facilities pursuant to DO 914.08, Policy Number

10   1.1.18, "Unacceptable Sexual or Hostile Behaviors." *See* **Exhibit A**. The Notice does

11   not specify which article(s) or page(s) of the April 2014 issue of *Prison Legal News*

12   purportedly violated those policies.

13       44.    There are no articles in the April 2014 issue of *Prison Legal News* that

14   "may encourage unacceptable sexual or hostile behaviors." **Exhibit A**, DO 914.08,

15   Policy Number 1.1.18.

16       45.    Plaintiff is informed and believes and thereon alleges that the article in the

17   April 2014 issue to which Defendants objected is on page 20 of the issue, and is entitled

18   "Kitchen Supervisor Gets Prison Time for Sexually Abusing Two Prisoners." *See*

19   **Exhibit D** at 20. The article describes the facts underlying a criminal case in the United

20   States District Court for the District of Arizona, including a non-salacious description of

21   non-consensual sexual contact between a prison kitchen supervisor and two prisoners in a

22   federal prison in Arizona.

23       46.    In the May 26, 2015 correspondence from Ms. Linnins, Defendants

24   provided PLN with a copy of a follow-up Notice of Result-Publication Review for the

25   April 2014 issue of *Prison Legal News*, with a "Review Date" of March 18, 2015

26   ("March 18, 2015 Reconsideration Notice"). A true and correct copy of the March 18,

27   2015 Reconsideration Notice is attached hereto as **Exhibit F.** The March 18, 2015

28   Reconsideration Notice states that the April 2014 issue of *Prison Legal News* would be

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

allowed.

47.     On June 22, 2015, Defendants notified PLN that the April 2014 issue of *Prison Legal News* had been distributed to subscribers.

48.     Plaintiff is informed and believed and thereon alleges that while some subscribers to *Prison Legal News* incarcerated in ADC prisons ultimately received their copies of the April 2014 issue, others never did, even though those subscribers remained in custody after the March 18, 2015 Reconsideration Notice and Defendants' June 22, 2015 confirmation that the issue had been delivered.

49.     Plaintiff is further informed and believes and thereon alleges that some of the subscribers to *Prison Legal News* who were incarcerated in ADC facilities in April 2014 never received the April 2014 issue of *Prison Legal News* because they were no longer in custody when Defendants decided to reverse their initial censorship decision approximately one year later.

## Censorship of July 2014 Issue of *Prison Legal News*

50.     On or about July 1, 2014, PLN mailed its July 2014 *Prison Legal News* publication to one hundred and thirty-five (135) ADC prisoners in Defendants' custody at the following ADC facilities: Arizona State Prison-Kingman; Arizona State Prison – Kingman/Cerbat; ASPC Aspen; ASPC Douglas; ASPC Eyman-Browning; ASPC Eyman-Cook; ASPC Eyman-Meadows; ASPC Eyman-Rynning; ASPC Eyman-SMU; ASPC Florence – Globe Detention; ASPC Florence Central; ASPC Florence East; ASPC Florence North Unit; ASPC Florence South; ASPC Bachman; ASPC Lewis-Barchey; ASPC Lewis-Buckley; ASPC Lewis-Rast; ASPC Lewi-Stiner; ASPC Perryville-Lumley; ASPC Perryville-Piestewa; ASPC Perryville-San Pedro; ASPC Perryville-Santa Cruz; ASPC Santa Maria; ASPC Tucson-Cimarron; ASPC Tucson-Manzanita; ASPC Tucson-Rincon; ASPC Tucson-Winchester; ASPC Winslow; ASPC Yuma-Cheyenne; ASPC Yuma-Cibola; ASPC Yuma-Dakota; ASPC Phoenix-Alhambra; ASPC Safford-Tonto; Central Arizona Correctional Institute; Central Arizona Correctional Facility; and Florence Correctional Center.  A true and correct copy of the July 2014 issue is attached

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

hereto as **Exhibit G**.

51.     PLN did not receive any notice from Defendants that the July 2014 issue, or any article in it, would not be delivered or was not delivered to the addressed recipients.

52.     Plaintiff is informed and believes and thereon alleges that many of the prisoner subscribers incarcerated at the ADC facilities did not receive the July 2014 issue of *Prison Legal News*.  Several subscribers in ADC facilities wrote to Plaintiff to notify it that they did not receive the July 2014 issue, and/or sent Plaintiff copies of notices they received from Defendants informing them that the July 2014 issue was being withheld for purportedly violating Defendants' mail policies.

53.     On or about March 20, 2015, in response to a letter from PLN regarding the censorship of its publications in ADC facilities, Assistant Attorney General Pamela J. Linnins informed PLN that the July 2014 issue of *Prison Legal New*s had been excluded from ADC prisons.  Ms. Linnins did not state the reason for the censorship of the July 2014 issue.

54.     Also in that letter, Ms. Linnins notified PLN that Defendants had reconsidered their decision to withhold the July 2014 issue of *Prison Legal News* from distribution to subscribers in ADC facilities.

55.     On or about May 26, 2015, after PLN sent a follow-up letter objecting to the censorship and requesting Defendants' basis for doing so, Defendants provided PLN with a copy of an undated "Complex Publications Review – Sexually Explicit Material" form ("Undated Complex Publications Review Form") from the ASPC-Tucson facility for the July 2014 issue of *Prison Legal News*, completed by an ADC staff member identified as "AA II Vasquez" from the "Complex-Level Publications Staff."  A true and correct copy of the Undated Complex Publications Review Form is attached hereto as **Exhibit H.**

56.     The Undated Complex Publications Review Form states that the July 2014 issue of *Prison Legal News* was excluded from ADC facilities pursuant to DO 914.07, Policy Numbers 1.1 through 1.2.2.6, which prohibit "publications that feature nudity

and/or sexual behaviors and/or the publication is promoted based on such depictions." *See* **Exhibit A**.  The Notice does not specify which article(s) or page(s) of the July 2014 issue of *Prison Legal News* purportedly violated those policies.

57.   There are no articles in the July 2014 issue of *Prison Legal News* which "feature nudity and/or sexual behaviors," and *Prison Legal News* is not "promoted based on such depictions."

58.   Plaintiff is informed and believes and thereon alleges that the article in the July 2014 issue to which Defendants objected is on page 36 of the issue, and is entitled "New York Jail Guard Sentenced for Sexually Abusing Seven Prisoners."  *See* **Exhibit G** at 36.  The article describes the facts of a state criminal case and federal civil rights cases, including a non-salacious description of forced sexual contact between a jail guard and seven prisoners in a New York correctional facility.

59.   In the May 26, 2015 correspondence from Ms. Linnins, Defendants provided PLN with a copy of a Memorandum from Defendant OLSON in the Office of Publication Review to a prisoner whose name was redacted, dated January 15, 2015 and regarding "Prison Legal News, July 2014, V25 N7" ("January 15, 2015 Memorandum").  A true and correct copy of that Notice is attached hereto as **Exhibit I.**

60.   The January 15, 2015 Memorandum notified the prisoner that upon second review, the July 2014 issue of *Prison Legal News* was determined "**not [to] contain material** that meets the sexually explicit criteria," that the "prior decision to exclude this publication is rescinded," and that the publication "**shall be distributed** to those inmates who were to receive the edition."  **Exhibit I** (emphasis in original).

61.   On June 22, 2015, Defendants notified PLN that the April 2014 issue of *Prison Legal News* had been distributed to subscribers.

62.   Plaintiff is informed and believes and thereon alleges that while some subscribers to *Prison Legal News* incarcerated in ADC prisons received their copies of the July 2014 issue of *Prison Legal News*, others did not, even though they remained in ADC custody after January 15, 2015 Memorandum and Defendants' June 22, 2015

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

1   confirmation that the issue had been delivered.

2       63.     Plaintiff is informed and believes and thereon alleges that some of the

3   subscribers to *Prison Legal News* who were incarcerated in ADC facilities in July 2014

4   never received the July 2014 issue of *Prison Legal News* because they were no longer in

5   custody when Defendants decided to reverse their initial censorship decision

6   approximately six months later.

7       **Censorship of October 2014 Issue of *Prison Legal News***

8       64.     On or about October 9, 2014, PLN mailed its October 2014 *Prison Legal*

9   *News* publication to one hundred and forty-two (142) ADC prisoners in Defendants'

10  custody at the following ADC facilities: Arizona State Prison-Kingman; Arizona State

11  Prison – Kingman/Cerbat; ASPC Aspen; ASPC Douglas; ASPC Eyman-Browning;

12  ASPC Eyman-Cook; ASPC Eyman-Meadows; ASPC Eyman-Rynning; ASPC Eyman-

13  SMU; ASPC Florence – Globe Detention; ASPC Florence Central; ASPC Florence East;

14  ASPC Florence North Unit; ASPC Florence South; ASPC Bachman; ASPC Lewis-

15  Barchey; ASPC Lewis-Buckley; ASPC Lewis-Rast; ASPC Lewi-Stiner; ASPC

16  Perryville-Lumley; ASPC Perryville-Piestewa; ASPC Perryville-San Pedro; ASPC

17  Perryville-Santa Cruz; ASPC Santa Maria; ASPC Tucson-Cimarron; ASPC Tucson-

18  Manzanita; ASPC Tucson-Rincon; ASPC Tucson-Winchester; ASPC Winslow; ASPC

19  Yuma-Cheyenne; ASPC Yuma-Cibola; ASPC Yuma-Dakota; ASPC Phoenix-Alhambra;

20  ASPC Safford-Tonto; Central Arizona Correctional Institute; Central Arizona

21  Correctional Facility; and Florence Correctional Center.   A true and correct copy of the

22  October 2014 issue is attached hereto as **Exhibit J**.

23      65.     PLN did not receive any notice from Defendants that the October 2014

24  issue, or any article in it, would not be delivered or was not delivered to the addressed

25  recipients.

26      66.     Plaintiff is informed and believes and thereon alleges that many of the

27  prisoner subscribers incarcerated at the ADC facilities did not receive the October 2014

28  issue of *Prison Legal News*, and none of the prisoner subscribers incarcerated at the ADC

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

facilities received a full, unredacted copy of the October 2014 issue.  Several subscribers in ADC facilities wrote to Plaintiff to notify it that they did not receive the October 2014 issue, and/or sent Plaintiff copies of notices they received from Defendants informing them that the October 2014 issue was being withheld for purportedly violating Defendants' mail policies.

67.     On or about March 20, 2015, in response to a letter from PLN regarding the censorship of its publications in ADC facilities, Assistant Attorney General Pamela J. Linnins informed PLN that the October 2014 issue of *Prison Legal News* had been excluded from ADC prisons.  Ms. Linnins did not state the reason for the censorship of the October 2014 issue.

68.     On or about May 26, 2015, after PLN sent a follow-up letter objecting to the censorship and requesting Defendants' basis for doing so, Defendants provided PLN with a copy of the Notice of Result-Publication Review for the October 2014 issue of *Prison Legal News*, which had a "Review Date" of February 11, 2015 ("February 11, 2015 Notice").  A true and correct copy of the February 11, 2015 Notice is attached hereto as **Exhibit K.**

69.     The February 11, 2015 Notice states that the October 2014 issue of *Prison Legal News* was excluded from ADC facilities pursuant to DO 914.07, "Sexually Explicit Material."  *See* **Exhibit A**.  The February 11, 2015 Notice does not specify which article(s) or page(s) of the October 2014 issue of *Prison Legal News* purportedly violated that policy.

70.     On or about June 22, 2015, Defendants informed PLN that, after further review of the October 2014 issue, Defendants distributed a redacted version of the issue to subscribers.  A true and correct copy of the page of the October 2014 issue with those redactions is attached hereto as **Exhibit L**.  PLN did not authorize Defendants to make any redactions or modifications to its publication at any point.

71.     The unredacted version of the article Defendants censored appears on page 32 of the October 2014 issue, and is entitled "Tenth Circuit Holds 'Consensual' Sex

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Defeats Prisoner's Eighth Amendment Claim." *See* **Exhibit J** at 32. The article describes the facts underlying an opinion by the Tenth Circuit Court of Appeals, *Graham v. Sheriff of Logan County*, 741 F.3d 1118 (10th Cir. 2013), including a non-salacious description of sexual contact between a prisoner in a county jail and two jail guards, to which the prisoner asserted she did not consent.

72. Defendants' unauthorized redaction of the October 2014 issue violates Defendants' own mail policies. ADC DO 914.06, Policy Number 1.12 prohibits ADC staff from "remov[ing] pages of any publication to make the publication acceptable," because "[r]emoving pages alters the publication rendering it as contraband." *See* **Exhibit A**.

73. PLN has never received an updated Notice of Result-Publication Review for the October 2014 issue that indicates that the issue was delivered to subscribers, with or without the redactions.

74. Plaintiff is informed and believes and thereon alleges that some subscribers to *Prison Legal News* incarcerated in ADC prisons received copies of the redacted October 2014 issue of *Prison Legal News* between March 18, 2015 and June 22, 2015.

75. Plaintiff is informed and believes and thereon alleges that some of the subscribers to *Prison Legal News* who were incarcerated in ADC facilities in October 2014 never received the October 2014 issue of *Prison Legal News* because they were no longer in custody when Defendants decided to reverse their censorship decision. Plaintiff is further informed and believes and thereon alleges that additional subscribers may not have received the redacted issue, even though they remained in custody after March 18, 2015.

### Defendants Failed to Provide Due Process to PLN

76. Defendants did not provide PLN with constitutionally adequate due process when censoring PLN's written speech. Defendants provided neither notice nor an opportunity to appeal the aforementioned censorship decisions at or shortly after the time they occurred.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

77.   Defendants failed to provide notice to PLN of the reason for rejecting issues of *Prison Legal News* by, among other inadequacies, failing to notify PLN directly of their refusal to deliver the issues to *Prison Legal News* subscribers in a timely fashion (or at all), failing to explain the basis for their censorship decisions or to identify the mail policies relied on at the time of the decision, and otherwise failing to give meaningful notice of the censorship.  Even when Defendants notified PLN of the censorship months after it occurred, in response to inquiries from PLN, Defendants failed to identify specific articles or pages of the issues of *Prison Legal News* that they found objectionable, and failed to notify PLN that they had censored the March 2014 issue.   At no time did Defendants provide an opportunity for PLN to appeal the rejection of its mail.

78.   Plaintiff is informed and believes and thereon alleges that Defendants fail to provide notice and an opportunity to appeal to other senders of censored mail addressed to prisoners at the ADC prisons.

79.   Plaintiff is informed and believes and thereon alleges that Defendants fail to provide constitutionally adequate notice to some of the prisoner subscribers when ADC censors issues of *Prison Legal News*.  Defendants also fail to provide the same prisoner subscribers with any opportunity to be heard to challenge the censorship decisions.

**ADC Policies and Practices Do Not Provide for Notice and Are Overbroad**

80.   ADC policies do not provide for any notice to be given to the publisher or sender when a publication or mailing is censored by ADC staff.  **Exhibit A**, ADC DO 914.02, Policy Number 1.7 specifies that "[u]nauthorized property or material discovered in incoming mail shall be removed," and a "Notice to Sender of Rejection of Incoming Mail, Form 909-3, shall be completed and sent to the inmate."  The policy is explicit that the ADC "shall not pay for the cost of notifying the sender."  **Exhibit A**, ADC DO 914.02, Policy Number 1.7 violates constitutional requirements regarding notice to senders of mail to prison prisoners.

81.   Moreover, ADC policies explicitly prohibit appeals of "decisions to

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

exclude publications" from ADC facilities. **Exhibit A**, ADC DO 914.06, Policy Number 1.13 states that "[p]reviously excluded Publications shall not be re-submitted for review or appeal under this Department Order." **Exhibit A**, ADC DO 914.06, Policy Number 1.13 violates constitutional requirements regarding due process for senders of mail to prison prisoners.

82.     Similarly, while ADC DO 914.07, Policy Number 1.5 provides an opportunity for a *prisoner recipient* of a publication deemed to contain "Sexually Explicit Material" to request second-level review of ADC staff's decision to exclude the publication, it has no such provision for the publisher or sender to request a second-level review. **Exhibit A**, ADC DO 914.07, Policy Number 1.5 violates constitutional requirements regarding due process for senders of mail to prison prisoners.

83.     As noted above, Defendants' policies prohibiting distribution of publications with sexual content do not contain any exception for discussion of sexual acts in a non-salacious manner for the purpose of discussing the facts underlying a reported decision or legal proceeding, and are therefore overbroad.

84.     Allowing PLN to distribute publications with articles that contain a discussion of sexual acts in a non-salacious manner for the purpose of discussing the facts underlying a court case will not have any negative impact on the operation of ADC facilities or programs.

85.     Defendants' mail policies, practices, and customs have been used to censor PLN's correspondence with prisoners at ADC prisons, in particular PLN's monthly publication.

86.     Defendants' conduct prohibiting distribution of at least four issues of *Prison Legal News* in a seven month period in 2014 to prisoners confined at ADC prisons violates the First Amendment. Defendants' policies, practices and customs censor PLN's expressive activities and have a chilling effect on PLN's future speech and expression directed toward inmates confined there. Defendants' policies, practices and customs are unconstitutional both facially and as applied to PLN. Defendants' censorship of *Prison*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

*Legal News* serves no legitimate penological purpose.

87.    PLN publishes and distributes content concerning the rights of prisoners and the means by which they may obtain relief from unconstitutional conditions of confinement.   As a result, PLN is informed and believes and thereon alleges that Defendants have retaliated against PLN by refusing to deliver PLN's written materials to inmates held at ADC prisons.

88.    Defendants' actions have violated, continue to violate, and are reasonably expected in the future to violate PLN's constitutional rights, and have caused Plaintiff financial harm in the form of lost subscriptions and diversion of resources to address the censorship.   In addition, Defendants' actions have frustrated Plaintiff's mission of education and advocacy, including the dissemination of PLN's political message, and the reporting and publishing of news regarding the human and legal rights of persons held in prisons and jails.   Further, Defendants' actions have interfered with PLN's ability to recruit new donors, writers and supporters.

89.    Defendants' actions and inactions were and are malicious, oppressive, and were and are all committed under color of law with reckless disregard to PLN's rights.

90.    Defendants CHARLES L. RYAN, GAIL RITTENHOUSE, JEFF HOOD, ALF OLSON, DOES 1 to 20, and other agents of the ADC are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them.   Further, Defendants are responsible for training and supervising the mail staff whose conduct has injured and continues to injure PLN.

91.    Defendants' unconstitutional policies, practices, and customs are ongoing, and continue to violate PLN's rights.   It is likely that Defendants will continue to censor future issues of *Prison Legal News* in violation of the First Amendment and without providing due process.   As such, PLN has no adequate remedy at law.

92.    PLN is entitled to injunctive relief prohibiting Defendants from refusing to deliver its publication without any legal justification, and prohibiting Defendants from

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

1   censoring mail without due process of law.

2   **CLAIMS FOR RELIEF**

3   **FIRST CLAIM FOR RELIEF**
    **(Against all Defendants – For Violations of the First Amendment Under Color of**
4   **State Law – Free Speech; Section 1983)**

5
6   93.     Plaintiff realleges and incorporates herein by reference each and every

7   allegation set forth in paragraphs 1-92.

8   94.     The acts described above constitute violations of Plaintiff's rights under the

9   First Amendment to the United States Constitution through 42 U.S.C. § 1983, and have

10  caused and will continue to cause damages and irreparable injury to Plaintiff.

11  95.     Plaintiff seeks declaratory and injunctive relief, as well as nominal and

    compensatory damages, against all Defendants.

12
13  96.     Plaintiff is informed, believes, and based thereon alleges that in engaging in

    the conduct alleged herein, the individual Defendants acted with the intent to injure, vex,

14  annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in

15  conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and

16  depriving it of its constitutional rights.

17
18  97.     As a result of the forgoing, Plaintiff seeks nominal and compensatory

    damages against Defendants in their individual capacities.

19
20  98.     Moreover, Plaintiff is informed, believes, and based thereon alleges that in

    engaging in the conduct alleged herein, the individual Defendants' actions were

21  malicious, oppressive, and/or in reckless disregard for Plaintiff's rights, and therefore

22  Plaintiff seeks exemplary and punitive damages against Defendants in their individual

23  capacities.

24  WHEREFORE, Plaintiff seeks relief as set forth below.

25
26  **SECOND CLAIM FOR RELIEF**
    **(Against all Defendants – For Violations of the Due Process Clause of the**
    **Fourteenth Amendment Under Color of State Law)**
27

28  99.     Plaintiff realleges and incorporates herein by reference each and every

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

allegation set forth in paragraphs 1-98.

100.     By failing to give Plaintiff sufficient notice of the censorship of its written speech, and by failing to give an opportunity to be heard with respect to that censorship, Defendants have deprived and continue to deprive Plaintiff of liberty and property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983.

101.     The acts described above have caused and will continue to cause damage to Plaintiff.

102.     Plaintiff seeks declaratory and injunctive relief, as well as nominal and compensatory damages, against all Defendants.

103.     Moreover, Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, the individual Defendants' actions were malicious, oppressive, and/or in reckless disregard for Plaintiff's rights, and therefore Plaintiff seeks exemplary and punitive damages against Defendants in their individual capacities.

WHEREFORE, Plaintiff seeks relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PRISON LEGAL NEWS, a project of the Human Rights Defense Center, prays for judgment against Defendants CHARLES L. RYAN, in his official capacity as Director of the Arizona Department of Corrections and in his individual capacity; GAIL RITTENHOUSE, in her official capacity as Division Director, Support Services of the Arizona Department of Corrections and in her individual capacity; JEFF HOOD, in his official capacity as Deputy Director of the Arizona Department of Corrections and in his individual capacity; ALF OLSON, in his official capacity as an employee of the Office of Publication Review of the Arizona Department of Corrections and his individual capacity; and DOES 1 to 20, inclusive, as follows:

1.     A declaration that Defendants' policies, practices, and customs violate the First and Fourteenth Amendments to the United States Constitution;

2.      An order enjoining all Defendants and their employees, agents, and any and all persons acting in concert with them from further violating Plaintiff's and other senders' civil rights under the First and Fourteenth Amendments to the United States Constitution.

3.      Nominal damages for each violation of Plaintiff's rights by the Defendants.

4.      Compensatory damages in an amount to be proven at trial.

5.      Punitive damages in an amount to be proven at trial.

6.      Costs, including reasonable attorney's fees, under 42 U.S.C. § 1988 and under other applicable law.

7.      Prejudgment and post-judgment interest.

8.      Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

RESPECTFULLY SUBMITTED this 6th day of November, 2015.

BALLARD SPAHR LLP


By:  /s/ David J. Bodney
    David J. Bodney
    bodneyd@ballardspahr.com
    Heather Todd Horrocks
    horrocksh@ballardspahr.com
    1 East Washington Street, Suite 2300
    Phoenix, AZ 85004-2555
    Attorneys for Plaintiff Prison Legal News

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555