Mark Brnovich
Attorney General

Michael E. Gottfried
State Bar No. 010523
Mark Carl Brachtl
State Bar No. 012641
Assistant Attorneys General
1275 W. Washington
Phoenix, Arizona 85007
Telephone: (602) 542-4951
Fax:  (602) 542-7670
E-mail:  michael.gottfried@azag.gov
E-mail:  mark.brachtl@azag.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prison Legal News, a project of the Human Rights Defense Center,<br><br>Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Defendants. | No. CV15-02245-PHX-ROS<br><br>**ANSWER**<br><br>**(Jury Trial Demanded)** |

Defendants[1], through undersigned counsel, answer the Complaint (Doc. 1) as follows:

## **INTRODUCTION**

1. Defendants agree that these are Plaintiff's allegations and assert that grouping numerous allegations in one paragraph of a complaint is inconsistent with Fed. R. Civ. P. 10(b).

2. Answering Defendant deny the allegations of paragraph 2 of the Complaint.

---

[1] Charles L. Ryan, Gail A. Rittenhouse, Jeffrey A. Hood, and Alf Olson.

## JURISDICTION AND VENUE

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit the allegations of paragraph 4 of the Complaint.

## PARTIES

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Defendants admit the allegations of paragraph 6 of the Complaint.

7. Defendants admit the allegations of paragraph 7 of the Complaint.

8. Defendant Rittenhouse denies that she promulgates policy, but admits the remaining allegations of paragraph 8 of the Complaint.

9. Defendant Hood denies that he promulgates policy, but admits the remaining allegations of paragraph 9 of the Complaint.

10. Defendant Olson denies that he promulgates policy, but admits the remaining allegations of paragraph 10 of the Complaint.

11. Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint and therefore deny those allegations.

12. Defendants deny that they are each agents of each other, but admit the remaining allegations of paragraph 12 of the Complaint.

## FACTUAL BACKGROUND

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint and therefore deny those allegations.

15. Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint and therefore deny those allegations.

16. Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint and therefore deny those allegations.

17. Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 17 of the Complaint and therefore deny those allegations.

18. Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 18 of the Complaint and therefore deny those allegations.

19. Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint and therefore deny those allegations. Defendants also object to the pejorative and argumentative term "censorship" used in this allegation and throughout the Complaint. This is a continuing objection that will not be repeated upon each use of the term herein.

**Overview of Censorship and Lack of Due Process**

20. Defendants affirmatively allege that subscribers of the Prison Legal News routinely, not generally, received their subscribed publications and that any delays or interruptions were either anecdotal or based on concerns about prison security or order. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants generally deny that they were all involved in every activity asserted in the Complaint, as the Complaint does not specify what Defendant took what particular action. This is a continuing denial that will not be repeated upon each use of the collective term "Defendants" within the Complaint. Defendants deny the allegations of paragraph 21 of the Complaint and allege that the issues were ultimately delivered to the inmate subscribers.

22. Defendants are without information and belief as to PLN's knowledge, but admit the remaining allegations of paragraph 22 of the Complaint.

23. Defendants admit letter was sent and received, admit that the decisions on these issues were reviewed and reconsidered, allege that any non-delivery of issues was unintentional, anecdotal and mere mistake if it occurred, and deny the remaining allegations of paragraph 23 of the Complaint.

24. Defendants allege that if an issue was not disclosed and nondisclosure was unintentional and merely a mistake, deny the allegations of paragraph 24 of the Complaint.

25. Defendants allege that Arizona Department of Corrections Department Orders ("DO") speak for themselves, that the mail policies contain other requirements and policies not listed in this paragraph and deny the allegations of paragraph 25 of the Complaint to the extent they are inconsistent with the policies in effect at the times alleged in the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint, allege that they are irrelevant and allege that any publications redacted or undelivered were either anecdotal or based on concerns about prison security or order. .

28. Defendants deny the allegations of paragraph 28 of the Complaint.

### **Censorship of March 2014 Issue of *Prison Legal News***

29. Defendants admit the publication was mailed into the prison, but are without information or belief as to the truth or falsity of the remaining allegations of paragraph 29 of the Complaint and therefore deny those allegations.

30. Defendants deny that the March 2014 was not intended to be ultimately delivered to subscribers, and are without information or belief as to the truth or falsity of the remaining allegations of paragraph 30 of the Complaint concerning Plaintiff's knowledge and communications received and therefore deny those allegations.

31. Defendants admit the allegations of paragraph 31 of the Complaint.

32. Defendants admit the allegations of paragraph 32 of the Complaint.

33. Defendants admit the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the article was non-salacious, but admit the remaining allegations of paragraph 35 of the Complaint.

1    36.   Defendants deny the allegations of paragraph 36 of the Complaint.

**Censorship of April 2014 Issue of Prison Legal News**

37.   Defendants admit the publication was mailed into the prison, but are without information or belief as to the truth or falsity of the remaining allegations of paragraph 37 of the Complaint and therefore deny those allegations.

38.   Defendants admit the allegations of paragraph 38 of the Complaint.

39.   Defendants deny that the April 2014 was not intended to be ultimately delivered to subscribers, and are without information or belief as to the truth or falsity of the remaining allegations of paragraph 39 of the Complaint concerning Plaintiff's knowledge and communications received and therefore deny those allegations.

40.   Defendants admit the allegations of paragraph 40 of the Complaint.

41.   Defendants admit the allegations of paragraph 41 of the Complaint.

42.   Defendants admit the allegations of paragraph 42 of the Complaint.

43.   Defendants admit the allegations of paragraph 43 of the Complaint.

44.   Defendants deny the allegations of paragraph 44 of the Complaint.

45.   Defendants deny the article was non-salacious, but admit the remaining allegations of paragraph 45 of the Complaint.

46.   Defendants admit the allegations of paragraph 46 of the Complaint.

47.   Defendants admit the allegations of paragraph 47 of the Complaint.

48.   Defendants deny the allegations of paragraph 48 of the Complaint and allege that the Arizona Department of Correction's ("ADC") intention after reconsideration was to deliver this issue to all subscribing inmates.

49.   Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 49 of the Complaint and therefore deny those allegations.

**Censorship of July 2014 Issue of Prison Legal News**

50.     Defendants admit the publication was mailed into the prison, but are without information or belief as to the truth or falsity of the remaining allegations of paragraph 50 of the Complaint and therefore deny those allegations.

51.     Defendants admit the allegations of paragraph 51 of the Complaint.

52.     Defendants deny that the July 2014 was not intended to be ultimately delivered to subscribers, and are without information or belief as to the truth or falsity of the remaining allegations of paragraph 52 of the Complaint concerning Plaintiff's knowledge and communications received and therefore deny those allegations.

53.     Defendants admit the allegations of paragraph 53 of the Complaint.

54.     Defendants admit the allegations of paragraph 54 of the Complaint.

55.     Defendants admit the allegations of paragraph 55 of the Complaint.

56.     Defendants admit the allegations of paragraph 56 of the Complaint.

57.     Defendants deny the allegations of paragraph 57 of the Complaint.

58.     Defendants deny the article was non-salacious, but admit the remaining allegations of paragraph 58 of the Complaint.

59.     Defendants admit the allegations of paragraph 59 of the Complaint.

60.     Defendants admit the allegations of paragraph 60 of the Complaint.

61.     Defendants admit the allegations of paragraph 61 of the Complaint.

62.     Defendants deny the allegations of paragraph 62 of the Complaint and allege that ADC's intention after reconsideration was to deliver this issue to all subscribing inmates.

63.     Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 63 of the Complaint and therefore deny those allegations.

**Censorship of October 2014 Issue of Prison Legal News**

64. Defendants admit the publication was mailed into the prison, but are without information or belief as to the truth or falsity of the remaining allegations of paragraph 64 of the Complaint and therefore deny those allegations.

65. Defendants admit the allegations of paragraph 65 of the Complaint.

66. Defendants deny that the October 2014 was not intended to be ultimately delivered to subscribers, and are without information or belief as to the truth or falsity of the remaining allegations of paragraph 66 of the Complaint concerning Plaintiff's knowledge and communications received and therefore deny those allegations.

67. Defendants admit the allegations of paragraph 67 of the Complaint.

68. Defendants admit the allegations of paragraph 68 of the Complaint.

69. Defendants admit the allegations of paragraph 69 of the Complaint.

70. Defendants admit the allegations of paragraph 70 of the Complaint.

71. Defendants deny the article was non-salacious, but admit the remaining allegations of paragraph 71 of the Complaint.

72. Defendants deny the redaction was unauthorized by ADC and allege that DO 914.06-1.12 quoted in paragraph 72 of the Complaint speaks for itself.

73. Defendants deny the allegations of paragraph 73 of the Complaint and allege that the letter dated on or about June 22, 2015, indicated that the redacted issue had been distributed.

74. Defendants deny the allegations of paragraph 74 of the Complaint and allege that ADC's intention after redaction was to deliver this issue to all subscribing inmates.

75. Defendants are without information or belief as to the truth or falsity of the allegations of paragraph 75 of the Complaint and therefore deny those allegations.

**Defendants Failed to Provide Due Process to PLN**

76. Defendant admit the allegations of paragraph 76 of the Complaint that PLN did not receive notice directly from ADC of the withholding or redaction of the publications wherein at the initial time of their being withheld or redacted.

77. Defendants admit the allegations of paragraph 77 of the Complaint and affirmatively allege that upon notification ADC reviewed their concerns as if an appeal was instituted.

78. Defendants admit that there were no provisions at the time of the incidents alleged in the Complaint to notify publishers of publications withheld or redacted and object to the relevancy of the allegations of paragraph 78 of the Complaint.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

**ADC Policies and Practices Do Not Provide for Notice and Are Overbroad**

80. Defendants admit that there were no provisions at the time of the incidents alleged in the Complaint to notify publishers of publications withheld or redacted, admit the provisions of DO 914.02-1.7, submit that they do not have to respond to legal conclusions, and deny the remaining allegations of paragraph 80 of the Complaint.

81. Defendant deny the allegations of paragraph 81 of the Complaint as the allegations seem to falsely allege that appeals of publications decisions are not appealable, when the cited provisions apply to previous decisions only.

82. Defendant admit the allegations of paragraph 82 of the Complaint, but allege that they do not have to respond to legal conclusions .

83. Defendants deny the allegations of paragraph 83 of the Complaint.

84. Defendants deny that the articles herein were non-salacious and therefore deny the allegations of paragraph 84 of the Complaint.

85. Defendants deny the allegations of paragraph 85 of the Complaint.

86. Defendants deny the allegations of paragraph 86 of the Complaint.

87. Defendants deny the allegations of paragraph 87 of the Complaint.

88. Defendants deny the allegations of paragraph 88 of the Complaint.

89. Defendants deny the allegations of paragraph 89 of the Complaint.

90. Defendants deny the allegations of paragraph 90 of the Complaint.

91. Defendants deny the allegations of paragraph 91 of the Complaint.

92. Defendants deny the allegations of paragraph 92 of the Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Against all Defendants – For Violations of the First Amendment Under Color of State Law – Free Speech; Section 1983)**

93. Defendants repeat and restate their answers to paragraphs 1-92 of the Complaint as if fully set forth herein.

94. Defendants deny the allegations of paragraph 94 of the Complaint.

95. Defendants admit that Plaintiff's allegations are contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations of paragraph 96 of the Complaint.

97. Defendants admit that Plaintiff's allegations are contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations of paragraph 98 of the Complaint.

### SECOND CLAIM FOR RELIEF
**(Against all Defendants – For Violations of the Due Process Clause of the Fourteenth Amendment Under Color of State Law)**

99. Defendants repeat and restate their answers to paragraphs 1-98 of the Complaint as if fully set forth herein.

100. Defendants deny the allegations of paragraph 100 of the Complaint.

101. Defendants deny the allegations of paragraph 101 of the Complaint.

Case 2:15-cv-02245-ROS   Document 26   Filed 01/08/16   Page 10 of 11

102. Defendants admit that Plaintiff's allegations are contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations of paragraph 103 of the Complaint.

104. Defendants deny each and every allegation of the Complaint not specifically admitted herein.

**AFFIRMATIVE ALLEGATIONS AND DEFENSES**

1. Affirmatively allege that Plaintiff has failed to state any claim upon which relief can be granted;

2. Affirmatively allege that at all times relevant to Plaintiff's Complaint, Defendants acted in good faith, and did not violate Plaintiff's constitutional rights of which a reasonable person would have known, hereby affirmatively raising the defense of qualified immunity;

3. Affirmatively allege that Plaintiff's Complaint fails to allege sufficient affirmative involvement of the Defendants;

4. Defendants do not know which, if any, additional affirmative defenses may be supported by the facts developed through discovery. Accordingly, Defendants allege, as though set forth herein *in haec verba*, all affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury.

WHEREFORE, Defendants respectfully request that the Court:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice;

2. Award Defendants their attorney fees and costs pursuant to 42 U.S.C. § 1988; and

3. Award such other and further relief as the Court deems just and proper

10

RESPECTFULLY SUBMITTED this 8th day of January, 2016.

> MARK BRNOVICH
> Attorney General
>
> s/Michael E. Gottfried
> Michael E. Gottfried
> Mark Carl Brachtl
> Assistant Attorneys General
> *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2016, I electronically transmitted the attached document to the Clerk of Court using the CM/ECF System.

This document and the Notice of Electronic Filing were automatically served on the same date to the following, who is a/are registered participant(s) of the CM/ECF System:

Lisa Ells
Jenny S. Yelin
Rosen, Bien, Galvan & Grunfeld LLP
50 Fremont Street, 19th Floor
San Francisco, CA 94105-2235

Lance Weber
Sabarish Neelakanta
Human Rights Defense Center
P.O. Box 1151
Lake Worth, Florida 33460-1151

David J. Bodney
Heather Todd Horrocks
Ballard, Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Attorneys for Plaintiff Prison Legal News

s/Michael Gottfried
#4846175