## PARTIAL SETTLEMENT AGREEMENT AND RELEASE

This Partial Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and among:

"Plaintiff": Prison Legal News, a project of the Human Rights Defense Center, referred to herein as the "Plaintiff."

"Defendants": Charles L. Ryan and Alf Olsen, collectively referred to herein as "Individual Defendants."

"The Parties": Plaintiff and Individual Defendants, collectively referred to herein as the "Parties."

## RECITALS

A.  Plaintiff filed a Complaint against Defendants and others in the United States District Court for the District of Arizona, Court Action No. CV-15-2245-PHX-ROS (the "Federal Complaint"). The Federal Complaint as it applied to these Individual Defendants arose out of certain alleged due process violations involving supplying Plaintiff with notice that its publications were being withheld from distribution to Arizona prison inmate subscribers, referred to herein as the "Due Process Claims." In addition, the Federal Complaint sought injunctive relief and possibly damages as to Plaintiff's publication *The Celling of America*, referred to herein as "*Celling* Claims."

B.  Plaintiff and Defendants desire to finally and fully resolve all past, present, and potential disputes, claims, and issues relating to or arising out of the Federal Complaint and the facts and circumstances that gave rise to the allegations as it applies to the Due Process Claims and the *Celling* Claims. As a result, the Parties have negotiated and entered into this Settlement Agreement in an effort to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation. The Parties desire to enter into this Settlement Agreement, which provides for certain payments in full settlement and discharge of all claims that are, or might have been, the subject matter of the Federal Complaint as to the Due Process Claims and *Celling* Claims, upon the terms and conditions set forth below.

C.  This Settlement Agreement is intended to resolve any and all disputes that may exist between the Parties *only* as to the Due Process Claims and *Celling* Claims. It is expressly acknowledged by the Parties that this Settlement Agreement explicitly does not settle, release, or in any way effect the claims in the Federal Complaint involving the First Amendment injunctive relief claims and First Amendment damage claims. The District Court has entered summary judgment on these claims (Docket No. 260) and, as of the date of this Settlement Agreement, has not yet entered Judgment on these claims. It is further expressly acknowledged by the Parties

that this Settlement Agreement explicitly does not settle, release, or in any way effect any attorneys' costs or fees claims associated with the Federal Complaint

## AGREEMENT

The Parties agree as follows:

1. *Terms*

   A.   PLN's claims against Defendants Ryan and Olsen in their individual capacities are dismissed in exchange for Defendants' agreement to pay Plaintiff $10,000.00 on or before October 14, 2019. Such payment shall be made payable to the Human Rights Defense Center. This Court will retain jurisdiction to enforce that agreement, upon compliance with which these defendants will be dismissed from the action in their personal capacities, but not in their official capacities;

   B.   Plaintiff's request for injunctive relief, and any ensuing damages, in this action arising from Defendants' refusal to deliver *The Celling of America* is fully satisfied by Defendants' agreement to remove that publication from its list of banned books, which Defendants shall do on or before October 14, 2019. The Arizona Department of Corrections ("ADC") agrees to review *The Celling of America* pursuant to whatever regulations are used by ADC when this Federal Complaint is resolved by a final non-appealable order.

   C.   The Parties agree that the trial scheduled for October 16-17, 2019, and all associated pretrial deadlines shall be vacated and agree that the Parties will execute all necessary documents to vacate this trial and these deadlines. Further, in consideration of payment of the $10,000.00 referred to in Section 1(A) above and the removal of *The Celling of America* from ADC's list of banned books referred to in Section1(B) above, the Parties agree to dismiss the Due Process Claims and *Celling* Claims with prejudice and agree that the Parties will execute all necessary documents to dismiss such claims with prejudice.

2. *Release and Discharge*

   In consideration of payment of the $10,000.00 referred to in Section 1(A) above and the removal of *The Celling of America* from ADC's list of banned books referred to in Section1(B) above, Plaintiff completely releases and forever discharges Defendants from any and all past, present, or future claims, demands, obligations, actions, causes of action, and legal theories, whether known or unknown, that have resulted or may result from the to the Due Process Claims and *Celling* Claims as alleged in the Federal Complaint. This includes but is not limited to any claims or causes of action for economic damages, noneconomic damages, physical injuries, emotional injuries, mental injuries, or any other relief arising out of the Due Process Claims and *Celling* Claims alleged in the Federal Complaint. Plaintiff releases Defendants from any future claims, which resulted or may result from the alleged acts or omissions of the Defendants in connection with the Due Process Claims and *Celling* Claims as alleged in the Federal Complaint.

   This release and discharge also applies to the State of Arizona *and* the State of Arizona's and Defendants' past, present, and future officers, directors, stockholders, attorneys, agents,

servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, insurers, and assigns, and all other persons, firms, or corporations with whom any of the former have been, are now, or may be affiliated. This release constitutes a fully binding and complete settlement between Defendants and Plaintiff, including Plaintiff's heirs, beneficiaries, assigns, and successors as to the Due Process Claims and *Celling* Claims alleged in the Complaint.

Plaintiff acknowledges and agrees that the release and discharge set forth above is a general release. Plaintiff expressly waives and assumes the risk of any and all claims for damages that exist as of this date, but of which Plaintiff does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and that, if known, would materially affect Plaintiff's decision to enter into this Settlement Agreement. It is understood and agreed that the sum set forth above, paid to Plaintiff, is in part to compensate him it for unknown injuries and/or damages that may be discovered in the future. Plaintiff further agrees that it assumes the risk that the facts or law may be other than Plaintiff believes as to the Due Process and *Celling* Claims.

3. *Representation of Comprehension of Document*

In entering into this Settlement Agreement, the Plaintiff represents that the Plaintiff has relied upon the advice of its attorneys, who are the attorneys of its own choosing, concerning the legal and income tax consequences of this Settlement Agreement; that its attorneys have completely read and explained to Plaintiff the terms of this Settlement Agreement; and that Plaintiff fully understands and voluntarily accepts the terms of this Settlement Agreement.

4. *Warranty of Capacity to Execute Agreement*

Plaintiff represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that Plaintiff has the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it; and that Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

5. *Governing Law*

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Arizona. The Parties agree that since each party is represented by counsel, any rules or presumptions requiring that any provisions of the document be construed against the drafter do not apply to the interpretation of this agreement in any future dispute.

6. *No Admission of Liability*

The Parties understand and expressly agree that nothing contained in this Settlement Agreement shall be construed as an admission of liability whatsoever. Defendants have always and now expressly deny any liability. The Parties acknowledge and agree that the settlement is

made in compromise and settlement of a disputed claim and lawsuit, and that by entering into this Settlement Agreement, the Parties do not intend to admit the correctness of any party's position, nor may this Settlement Agreement or the fact of settlement be used against Defendants as res judicata, collateral estoppel, or as an admission of fault or liability.

7. *Additional Documents*

The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

8. *Entire Agreement and Successors in Interest*

This Settlement Agreement contains the entire agreement between the Plaintiff and the Defendants with regard to the matters set forth in it and shall be binding upon and ensure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each.

9. *Effectiveness*

This Settlement Agreement shall become effective immediately following execution by Parties.

10. *Modification*

No oral agreement, statement, promise, undertaking, understanding, arrangement, act or omission of any party, occurring subsequent to the date of Plaintiff's signature may be deemed an amendment or modification of this Settlement Agreement unless reduced to writing and signed by the Parties hereto or their respective successors or assigns.

11. *Severability*.

The Parties agree that if, for any reason, a provision of this Settlement Agreement is held unenforceable by any court of competent jurisdiction, this Settlement Agreement shall be automatically conformed to the law, and the remaining provisions of this Settlement Agreement shall continue in full force and effect.

12. *Counterparts*

This Settlement Agreement may be executed in multiple counterparts. The counterparts, when signed and attached to this Settlement Agreement, shall have the same force and effect as though the Parties had executed one document. Photocopies, electronic, or facsimile copies of executed copies of this Settlement Agreement may be treated as an original.

**Approved as to Form:**

**For Plaintiff:**

HUMAN RIGHTS DEFENSE CENTER

By: _____
Sabarish Neelakanta, Esq.
Attorneys for Plaintiff

Date: 9/19/19

**For Defendants:**

Mark Brnovich
Arizona Attorney General's Office

By: _____
Michael E. Gottfried, Esq.
Assistant Attorney General
Attorneys for Defendants and the State of Arizona

Date: 9-19-2019

Prison Legal News,
a project of the Human Rights
Defense Center
*Plaintiff*

By: _Paul Wright_

Its: _executive directors_

Date: _9/20/19_


Arizona Department of Administration,
Risk Management Division

By: _Michelle Wilkerson_
Michelle Wilkerson, Property & Liability
Claims Supervisor

Date: _9/18/19_


The Arizona Department of Corrections

By: _____
      Brad Keogh, General Counsel

Date: _____

Prison Legal News,
a project of the Human Rights
Defense Center
*Plaintiff*

By:_____

Its:_____

Date:_____


**Arizona Department of Administration, Risk Management Division**

By:_____
    Michelle Wilkerson, Property & Liability
    Claims Supervisor

Date:_____


**The Arizona Department of Corrections**

By: *Brad K. Keogh* (signature)
    Brad Keogh. General Counsel

Date: 9/18/19

Page 5 of 6
*Prison Legal News v. Ryan et al.*
Settlement Agreement and Release (#8200049)

5