**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prison Legal News,<br><br>   Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Defendants. | No. CV-15-02245-PHX-ROS<br><br>**ORDER** |

Defendants Shinn, Rittenhouse, Hood, Olson, Riggs, and Guzman (collectively, "Defendants") move to stay pending appeal the Court's order enjoining the Arizona Department of Corrections to rewrite a regulation regarding censoring mail to make the regulation constitutional. (Doc. 315.) Plaintiff Prison Legal News ("PLN") opposes the stay regarding the injunction, but previously stipulated to a stay regarding the delivery of previously censored issues of *Prison Legal News*. (Docs. 318, 320.) For the following reasons, the stay will be granted in part.

## BACKGROUND

PLN publishes books and magazines about the criminal justice system, including a monthly journal eponymously titled *Prison Legal News*. Prisoners in the custody of the Arizona Department of Corrections ("ADC") subscribe to publications by PLN. Since 2014, some of these publications have been excluded and/or redacted pursuant to ADC's policy prohibiting sexually explicit material. In 2015, PLN brought claims against Defendants—officers and employees of ADC—under 42 U.S.C. § 1983, alleging

violations of the First and Fourteenth Amendments.

After lengthy litigation, the Court found in 2019 that ADC Department Order ("DO") 914, which relates to the prohibition of sexually explicit material, was facially unconstitutional and unconstitutional as applied to PLN's publications. (Doc. 260.) The parties were ordered to submit proposed language for a final injunction. (Doc. 260.) Later, Defendants brought to the Court's attention the differing outcomes of two other District of Arizona cases regarding the constitutionality of DO 914, and informed the Court of "an intra-Distict of Arizona split on the facial constitutionality of ADC's publication regulations." (Doc. 294 at 2.) Specifically, Judge Tuchi, in a March 20, 2019 order in *Mouser v. Ryan et al.*, CV17-00714-JJT, dismissed the facial constitutional claim as moot, while Senior Judge Campbell, in an August 30, 2019 order in *Williams v. Ryan et al.*, CV17-01833-PHX-DGC, found that DO 914 was facially constitutional. (Doc. 294.) The parties settled the remaining issues, and the Court issued an injunction on November 6, 2019, at which time the Clerk of Court entered judgment in favor of PLN and against Defendants (Docs. 300, 304, 305, 306). Defendants timely appealed (Doc. 311), and Ninth Circuit Case No. 19-17449 is pending.

The injunction required Defendants to take five actions: (1) within 90 days (i.e. by February 4, 2020) "amend, modify, or revise [DO 914] to establish bright-line rules that narrowly define prohibited content in a manner consistent with the First Amendment; limit the discretion available to ADC's employees and agents; and ensure consistency in the exclusion of sexually explicit material"; (2) file a copy of the new DO 914 with the Court and notify the Court that the ADC website has been updated with the new DO 914; (3) email the new DO 914 and the Court's Order to mailroom staff, inform such staff about the best practices for successful compliance, and require written acknowledgment that such staff have received and understood the Order and the new DO 914; (4) to the extent any portion of material sent to ADC prisoners is withheld per DO 914, deliver all non-withheld portions of material; and (5) distribute complete copies of the October 2104, April 2017, May 2017, and June 2017 issues of *Prison Legal News* within 30 days (i.e. by December

6, 2019). (Doc. 305 at 2.)

On December 15, 2019, Defendants filed the instant motion (Doc. 315), and on December 18, 2019, Defendants filed a stipulated motion to extend the deadline to deliver the October 2104, April 2017, May 2017, and June 2017 issues of *Prison Legal News* to current ADC-prisoner subscribers until 30 days after the lifting of any stay granted by this Court or the Ninth Circuit. (Doc. 318.) PLN agreed to stay the delivery (Doc. 318), and the Court granted the stay on December 19, 2019. (Doc. 319.)

## ANALYSIS

During the pendency of an appeal from a final order granting an injunction, this Court "retains jurisdiction . . . to act to preserve the status quo." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); Fed. R. Civ. P. 62(d).[1] The Court balances four factors in deciding whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). The first two factors are "the most critical," and Defendants "bear[] the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Nken*, 556 U.S. at 434.

In order to succeed on the first factor, Defendants must establish "a substantial case for relief on the merits," but "need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez*, 640 F.3d at 966, 968. Two judges in the District of Arizona have reached directly opposing conclusions on the facial constitutionality of DO 914: this Court stated that "A policy that prohibits all written and visual depictions of sex, and even prohibits content that may cause or encourage sexual arousal, is facially

---

[1] Pursuant to the 2018 amendment of the Federal Rules of Civil Procedure, Rule 62(c), as quoted in *Natural Resources Defense Council*, is now Rule 62(d). *See Mitchell v. United States*, No. CV-09-08089-PCT-DGC, 2019 WL 4141063, at *2 (D. Ariz. Aug. 30, 2019).

- 3 -

overbroad. . . . [DO 914] is unconstitutional on its face," Doc. 260 at 19–20, while Senior Judge Campbell stated "This Court is not persuaded that overbreadth provides a basis for finding [DO 914] facially unconstitutional." *Williams v. Ryan*, No. CV 17-01833-PHX-DGC, 2019 WL 4141077, at *8 (D. Ariz. Aug. 30, 2019). Accordingly, Defendants have "shown, at minimum, the presence of serious questions on the merits" of the facial challenge. *Fed. Trade Comm'n v. Qualcomm Inc.*, 935 F.3d 752, 756 (9th Cir. 2019). However, the facial challenge only affects the first three actions ordered by the Court. (*See* Doc. 305.) Defendants have made no case for relief on the merits that a challenge to the Court's order to deliver the non-censored portions of material withheld per DO 914 would succeed. Therefore, the Court will not stay the portion of the injunction ordering "to the extent Defendants withhold a portion of any material sent to ADC prisoners per Order 914, the remaining portion(s) thereof shall be delivered to their intended recipients." (Doc. 305 at 2.) Although Defendants have also failed to make a case for relief on the merits of the as-applied challenge here, the issue is moot because PLN has separately stipulated to a stay of the portion of the injunction regarding the as-applied challenge, and the Court has already granted the stay. (Docs. 318, 319.)

To succeed on the second factor, Defendants must show "that there is a *probability* of irreparable injury if the stay is not granted." *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012) (citing *Leiva-Perez*, 640 F.3d at 968). "In analyzing whether there is a probability of irreparable injury, [the Court must] focus on the individualized nature of irreparable harm and not whether it is 'categorically irreparable.'" *Id.* (citing *Leiva-Perez*, 640 F.3d at 969); *see Nken*, 556 U.S. at 435.

Defendants assert that Arizona will suffer irreparable injury if DO 914 is enjoined. (Doc. 315 at 5.) Generally, "a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined." *Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997). Arizona courts have held that "administrative rules and regulations . . . are given the force and effect of law if they are consistent with the statutory scheme," *Santorii v. MartinezRusso, LLC*, 240 Ariz. 454, 457 (App. 2016). The Arizona

"[l]egislature has delegated exclusive authority and responsibility for safe operation of the prison institutions to the director [of ADC]," 1989 Ariz. Op. Att'y Gen. 38 at *2 (1989), and DO 914 is targeted at "sexually explicit material or content that is detrimental to the safe, secure, and orderly operation of the" prison. DO 914.7.1. Therefore, DO 914, as a "prison regulation" enacted by the Director of ADC specifically to ensure safe operation of the prisons, is consistent with the statutory scheme. *Cf. Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) (referring to DO 902 as "a prison regulation" and noting a claim for injunctive relief against same). As such, DO 914 may be considered an enactment of Arizona's representatives such that an injunction against DO 914 constitutes a form of irreparable injury. *Coal. for Econ. Equity*, 122 F.3d at 719; *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers).

When the government opposes the grant of a stay pending appeal, the third and fourth factors merge. *Nken*, 556 U.S. at 435. Here, because Arizona is the party seeking the stay, the Court will consider the factors separately. *But see Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (expanding *Nken*'s merger holding to any time the government is a party). Regarding the third factor, assessing whether the stay would injure PLN, PLN asserts that a stay "will further frustrate the mission of *Prison Legal News*, which is the ability to deliver issues of the magazine quickly and before the news becomes stale or filing deadlines expire." (Doc. 320 at 12.) But PLN, having already stipulated to a stay of the delivery of the previously censored issues, may not now complain about "[f]urther delayed delivery of censored issues." (Doc. 320 at 13; *see* Doc. 318.) PLN also raises concerns about future censorship, including censorship of previously published articles that the Court has already ordered cannot be censored. (Doc. 320 at 12.) The Court cautions Defendants not to re-censor materials the Court has previously ordered delivered.

Finally, the parties disagree about where the public interest lies. Defendants state that, because DO 914 is focused on safety, and safety is a legitimate penological interest, the public interest favors a stay. Doc. 315 at 7; Doc. 323 at 6; *Mauro v. Arpaio*, 188 F.3d 1054, 1059 (9th Cir. 1999). PLN asserts a "'significant public interest' in upholding free

speech principles." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009) (quoting *Sammartano v. First Judicial Dist. Court, in & for Cty. of Carson City*, 303 F.3d 959, 974 (9th Cir. 2002)). This factor does not weigh strongly in favor of either party.

"In the end, the 'critical' factors are that [ADC] has mustered a strong showing of likelihood of success on the merits and some irreparable harm." *City & Cty. of San Francisco v. United States Citizenship & Immigration Servs.*, 944 F.3d 773, 807 (9th Cir. 2019) (citing *Nken*, 556 U.S. at 434). Defendants have done so, and PLN has not demonstrated that a stay will cause substantial injury. The public interest does not heavily favor either side. Therefore, the stay will be granted as to the facial challenge.

Accordingly,

**IT IS ORDERED** Defendants' Motion for a Stay Pending Appeal (Doc. 315) is **GRANTED IN PART** and **DENIED IN PART**. To the extent Defendants withhold a portion of any material sent to ADC prisoners per DO 914, the remaining portion(s) thereof shall be delivered to their intended recipients. The previous stay regarding delivery of the previously censored October 2014, April 2017, May 2017, and June 2017 issues of *Prison Legal News* remains in place. The remaining portions of the Court's Order (Doc. 305) and the Clerk's Judgment (Doc. 306) shall be stayed pending the final resolution of Ninth Circuit Case No. 19-17449.

Dated this 23rd day of January, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge