1
2

Mark Brnovich
Attorney General

3

Michael E. Gottfried
Assistant Attorney General
State Bar No. 010623
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7693
Fax:  (602) 542-7670
E-mail:  Michael.Gottfried@azag.gov

4
5
6
7

*Attorneys for Defendants*

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF ARIZONA**

10

11

Prison Legal News, a project of the
Human Rights Defense Center,

No. CV15-02245-PHX-ROS

12

Plaintiff,

**SURREPLY IN OPPOSITION TO
REQUEST FOR CLARIFICATION
AND RECONSIDERATION OF
JANUARY 2020 ORDER (doc. 328)**

13

v.

14

David Shinn, et al.,

15

Defendants.

16

17

        Defendants, through undersigned counsel, pursuant to the Court's Order (doc.

18

3332), surreply in opposition to Plaintiff's Motion for Clarification and Reconsideration

19

of January 24, 2020 Order (doc. 328).

20

    **A.  Introduction**

21

        The language in this Stipulated Motion is unambiguous and agreed to word-by-

22

word by Plaintiff's counsel.  Namely, if a stay pending appeal was granted, delivery of

23

Plaintiff's publications would be delayed until the stay was lifted.   In fact, as explicitly

24

set-out in the emails between counsel and the undersigned's attached declaration, the

25

operative language in this Stipulated Motion—"Should this Court or the Ninth Circuit

26

Court of Appeals enter an order granting a stay pending appeal, Defendants shall deliver

27

the subject issues of *Prison Legal News* within 30 days of the lifting of the stay"—was

28

proposed by Plaintiff's counsel.  There is no reasonable way to read this Stipulated Motion other than delivery of these publications is stayed until the appeal is completed.

**B. Facts**

In its November 6, 2019, Injunction Order, the Court ordered that the Arizona Department of Corrections ("ADC") deliver previously withheld or redacted issues of *Prison Legal News* to inmate-subscribers within thirty days of the Order, revise its publication policies as to sexually-explicit material within ninety days of the Order, and train officers on this new policy within sixty days of such revision.  (Doc. 305.)

`Under the Court's Order the publications had to be delivered by December 6, 2019. (*Id*.)  Originally, given this short time-frame, ADC was going to deliver the publications, but Plaintiff had not delivered a requested, and obviously necessary, subscriber list and a limited use license it said was necessary for ADC to deliver the publications.  (Declaration of Michael E. Gottfried dated March 6, 2020, at paragraph 3.) (Hereinafter "Gottfried at ___.")  As such, the parties entered into a stipulated motion to extend the delivery deadline through January 6, 2019.  (*Id*.)  The Stipulated Motion was filed on November 29, 2019 (doc. 309) and granted on December 2, 2019 (doc. 310).

Defendants appealed this Injunction Order (doc. 311) and on December 5, 2019, sought a stay pending appeal (doc. 315).  Also on December 5, 2019, defense counsel asked Plaintiff's counsel if they would stipulate to a stay of this injunction order, and its related requirements, pending resolution of the appeal. (Gottfried at 4.)  Plaintiff's counsel responded that they "cannot agree to a stay pending appeal." (*Id*.)

On December 17, 2019, the Court noted an error in Defendants' stay motion where it was mistakenly stated that the Court had extended the date to deliver *Prison Legal News* issues until the conclusion of appellate proceedings.  (Doc. 316.)  The Court gave Defendants until noon on December 19, 2019, to file a motion to extend delivery of the publications.  (*Id*.)  Defendants filed a Notice of Errata on December 18, 2019, to correct this mistake.  (Doc. 317.)

On December 17, 2019, defense counsel wrote Plaintiff's counsel, stating that ADC was going to need additional time past January 6, 2020 to deliver these publications because of the upcoming holidays and the effect on people's schedules, because ADC was still waiting for Plaintiff to deliver PDF versions of these publications, and because ADC had still not received the inmate subscriber list.  (Doc. 331-1 at 6; Gottfried at 6.)

Given the now pending stay motion, it made no sense to defense to simply choose another date to deliver these publications when the stay motion, if granted, would eliminate the need to deliver the publications pending appeal.  (Gottfried at 7.) Similarly, the need to deliver the publications pending appeal would be eliminated if this Court denied the stay motion and the Ninth Circuit granted a stay motion. (*Id*.)  As such, defense counsel asked Plaintiff's counsel for "an extension until both the district court and the Ninth Circuit if necessary decide the stay issue." (*Id*. at 8)

Defense counsel believed, and still believes, that this request was perfectly clear: if any court granted a stay pending appeal, delivery would be stayed pending the outcome of the appeal.  If no court granted a stay, the publications would be delivered. (*Id*. at 9.)

Given Plaintiff's counsel refusal to stipulate to a stay pending appeal, and the pending stay motion, it seemed logical to me to make this publication delivery contingent on the outcome of the pending stay motion in this Court and, if necessary because denied by this Court, contingent on the outcome of a stay motion in the Ninth Circuit.  (*Id*. at 10.)  Delivering the publications before the stay motions were resolved would moot that portion of the stay motions.  (*Id*.)

Defense counsel's proposal was apparently not clear to Plaintiff's attorneys. Plaintiff's counsel Masimba Mutamba responded that they consented to extending the time for redelivery of the magazines,  that they were working on the license, PDF copies and subscriber list, and asked how long after these items were delivered would ADC

1   need to deliver the publications.  (*Id*. at 12.)  Significantly, Mr. Mutamba added "We

2   oppose a stay on the redelivery of PLNs to [sic] until after the appeal." (*Id*. at 13.)

3       Defense counsel took that last sentence as a misunderstanding of my proposal,

4   because he was not asking that the redelivery be stayed until the end of the appeal, only

5   that it be extended contingent on the outcome of the pending and possible future stay

6   motions.  (*Id*. at 14.)

7       Attempting to clarify this proposal defense counsel wrote back on December 18,

8   2019, that:  "I might have been unclear, I was asking to stipulate to stay the delivery until

9   the Ninth Circuit rules on a stay (if necessary) not the conclusion of the appeal.  Please

10   let me know as soon as possible, I am planning on filing the motion today." (*Id*. at 15)

11       Mr. Mutamba replied that day:  "Thanks for clearing that up, Michael.  Plaintiff

12   consents to the stay of the redelivery pending resolution of the stay proceedings." (*Id*. at

13   16.)  Defense counsel agreed to put together a stipulation. (*Id*.)

14       Defense counsel did not and would not propose a stipulation that would delay

15   redelivery of these publications until after the resolution of the stay proceeding even if

16   ADC won the stay proceedings.  (*Id*. at 17.)

17       There was no logical reason to make such an agreement.  If the timing of the

18   holidays and the failure of Plaintiff to deliver needed material and information was the

19   problem with ADC redelivering these publications, the simple resolution was to choose a

20   definite time in the future to redeliver these publications.  (*Id*. at 18.)  There is no logical

21   or legitimate reason to make the redelivery contingent on resolution of the stay

22   proceeding regardless of outcome. (*Id*.)

23       If this was not clear from my emails, it had to have been clear from the proposed

24   stipulation I sent Plaintiff's attorneys.  (*Id*. at 19.)  On December 18, 2019, I sent a draft

25   stipulated motion to Plaintiff's attorneys which stated:

26

27       [The parties] stipulate to extend the deadline to deliver the October
    2014, April 2017, May 2017, and June 2017 issues of *Prison Legal News*

28

to current ADC-prisoner subscribers until thirty days after this Court enters an order denying a stay pending appeal and the Ninth Circuit Court of Appeals enters an order denying a stay pending appeal. Further, if Defendants do not file a motion for a stay pending appeal with the Ninth Circuit Court of Appeals within fourteen-days of an order from this Court denying a stay pending appeal, Defendants shall have forty-five days from this Court's order denying a stay pending appeal to deliver these issues of *Prison Legal News*.

(*Id.*)

That same day, December 18, 2019, Plaintiff's counsel, Mr. Mutamba, sent back a redlined version of my draft stipulated motion which specifically addressed the issue of what happened if the stay pending appeal was granted. (*Id.* at 21.) He wrote:

Attached are redline versions of both the extension motion and the proposed order, mainly to and some wording changes and address what should happen if a stay is granted by either court.

Please review and, if you are fine with these changes, you can file these versions. Thanks.

(*Id.*)

The redlined version, indicating changes requested by Plaintiff, added, among other things, a sentence that stated:  "Should this Court or the Ninth Circuit Court of Appeals enter an order granting a stay pending appeal, Defendants shall deliver the subject issues of *Prison Legal News* within 30 days of the lifting of the stay."  (*Id.* at 22.) Defense counsel had no issues with Plaintiff's counsel's redlined changes and accepted them into the final stipulated motion document.  (*Id.* at 23.)

There was a minor problem with Plaintiff's redlined version of the proposed order that was quickly resolved between defense counsel and Plaintiff's counsel Lisa Ells. (*Id.*) Specifically, defense counsel wrote back to Mr. Mutamba, with a copy to Ms. Ells, on December 18, 2019:

Hello – it is generally good. The only comment I have is the order, not the motion, talks about an appeal being filed in the 9th circuit within 14

days, rather than a stay motion. IU think a stay motion is the appropriate way and the order should be changed. What do you think?

(*Id.*) Ms. Ells wrote: "You're right. How's this?" and sent a redlined proposed order. (*Id.* at 24.)  Defense counsel responded: "Perfect, I'll file tonight or in morning. Thanks Lisa." (*Id.* at 25.)

On December 18, 2019, defense counsel filed the Stipulated Motion to Extend Deadline to Deliver Publications, along with the proposed order. (Doc. 318.)  The filed Stipulated Motion incorporated all of the redlined suggestions made by Plaintiff and the filed document is exactly the same as Plaintiff's redlined document (except obviously without the redlining markings). (Gottfried at 26.)  Plaintiff's counsel explicitly stated in writing that if I was "fine with these changes, you can file these versions." (*Id.*) Defense counsel was fine with Plaintiff's changes to the Stipulated Motion, accepted and incorporated all of Plaintiff's changes to the Stipulated Motion and filed it consistent with Plaintiff's counsel's email. (*Id.*)

Once filed, Plaintiff did not object to the Stipulated Motion, or in any way contend that the Stipulated Motion was inconsistent with our agreement or that I was not authorized to file it. (*Id.* at 26.)  Similarly Plaintiff made no such claims in it Reconsideration Motion or Reply. (Docs. 328, 331.)

Under the Court's Injunction Order, the deadline for revising and amending ADC's publications regulations was February 4, 2020. (Doc. 305.)  Since this deadline was rapidly approaching, and the Court had not yet ruled on the Stay Motion, on January 23, 2020, defense counsel wrote Plaintiff's counsel seeking to enter into a stipulation similar to the publication-delivery Stipulated Motion for the regulation-revision deadline. (Gottfried at 29.)  It made no sense to defense counsel to revise ADC regulations while the Stay Motion was pending. (*Id.*)

Specifically, defense counsel wrote on January 23, 2020:

6

> Counsel – would you be willing to enter into a similar stipulation/order as the one we did for delivery of the publications for the remaining obligations under the order (i.e. revising the regulation, the training requirements and the rest) pending the outcome of the stay motions only?  Thank you

(*Id*. at 30.)

Ms. Ells responded that day:   "Hi Mike, Sorry for the delay – we are not amenable to that kind of stipulation."   (*Id*. at 31.)   Defense counsel responded the next day:    "Lisa – just to be clear, it's the same stip as with the publication delivery – why are we revising regulation while stay motion is pending?"   (*Id*.)   The Court ruled on the Stay Motion on January 24, 2020.  (Doc. 325.)

### C. Legal Analysis

### 1. The Court's First Question.

The Court asked two questions. "First, after Defendants' counsel represented to PLN that 'he was asking to stipulate to stay the delivery until after the Ninth Circuit rules on a *stay* (if necessary) not the conclusion of the appeal,' Doc 331-1 at 5, why did Defendants include the language 'Should this Court … enter an order granting a stay pending appeal, Defendants shall deliver the subject issues of *Prison Legal News* within 30 days of the lifting of the stay' in the stipulation and proposed order?"  (Doc. 332 at 2.)

Undersigned counsel knew that Plaintiff was not interested in stipulating to a stay pending appeal—that is an agreement that that the Court's Injunction Order would be stayed until the appeal was completed—because he had already asked Plaintiff for that stipulation and Plaintiff declined.  (Gottfried at 4.)  Therefore, defense counsel suggested what he believed was a compromise—instead of agreeing upfront to stay delivery for the *entire* appeal, the deadline for delivery would be extended while the stay motions were being resolved.   If stayed, then delivery would await the outcome of the appeal. Similarly if not stayed, delivery would occur while the appeal continued.  Delivery of the publications was the focus of the Stipulated Motion because that deadline was fast approaching and it made no sense to deliver the publications when there was a request

7

pending to stay such delivery.  (*Id*. at 3, 7.)

This "compromise" was the basis of saying that the delivery would be stayed until "until after the Ninth Circuit rules on a *stay* (if necessary) not the conclusion of the appeal."  Doc. 331-1.  Redelivery of the publications would be contingent on resolution of the stay motion, not automatically for the length of the appeal.

The answer to the second part of this question— "why did Defendants include the language 'Should this Court … enter an order granting a stay pending appeal, Defendants shall deliver the subject issues of *Prison Legal News* within 30 days of the lifting of the stay' in the stipulation and proposed order?'"—is this sentence and result was exactly what was contemplated by the agreement and, perhaps equally important given Plaintiff's arguments, this language was proposed *by the Plaintiff*.  (Gottfried at 21, 22.)  In a redlined version of Defendants' draft Stipulated Motion, Plaintiff's counsel Masimba Mutamba added this sentence:  "Should this Court or the Ninth Circuit Court of Appeals enter an order granting a stay pending appeal, Defendants shall deliver the subject issues of *Prison Legal News* within 30 days of the lifting of the stay."  (*Id*. at 22.)  Undersigned counsel agreed to this addition and it was included in the filed Stipulated Motion. (Doc. 318.)

Plaintiff's addition of this sentence to the Stipulated Motion is definitive evidence of its understanding that if a stay was granted by either this Court or the Ninth Circuit delivery of these publications would not happen until the stay was lifted.  This is definitive evidence that Plaintiff's understanding of the Stipulated Motion was consistent with the undersigned counsel's understanding of the Stipulated Motion.  There is no other reasonable interpretation of this sentence.

A stipulation is reviewed as a contract.  *Brawders v. County of Ventura*, 503 F.3d 856, 863 (9th Cir. 2007).  An unambiguous contract is "interpreted according to its terms." *Isaak v. Mass. Indem. Life Ins. Co.*, 127 Ariz. 581, 584 (1981).  A contract is not ambiguous simply because the parties disagree as to its meaning. *Chandler Med. Bldg.*

1    *Partners v. Chandler Dental Grp.*, 175 Ariz. 273, 277 (App. 1993).  Generally, language

2    is deemed ambiguous "when it is open to multiple reasonable interpretations."  *Glazer v.*

3    *State*, 244 Ariz. 612, 614 ¶ 12 (2018) (discussing statutory interpretation).  If the parties'

4    intent is clear from the contract language and the surrounding circumstances, then the

5    contract is not ambiguous. *Harris v. Harris*, 195 Ariz. 559, 562, ¶ 15 (App. 1999).

6         There is nothing ambiguous about this Stipulated Motion and certainly nothing

7    ambiguous about the sentence Plaintiff proposed:  "Should this Court or the Ninth

8    Circuit Court of Appeals enter an order granting a stay pending appeal, Defendants shall

9    deliver the subject issues of *Prison Legal News* within 30 days of the lifting of the stay."

10   This Court entered a stay and delivery of these publications does not need to happen 30

11   days of the lifting of the stay.  Similarly, given the context of this Stipulated Motion

12   involving a stay pending appeal, the only reasonable interpretation of "the lifting of the

13   stay" is the conclusion of the appeal in Plaintiff's favor.

14        Equally unambiguous and evident is that none of the language in this Stipulated

15   Motion supports Plaintiff's claim that "the stipulation would last through the stay

16   proceedings, not for the entire duration of the appeal."  (Doc. 331 at 2.)  This claim is

17   directly contrary to the above-quoted sentence Plaintiff proposed.  Plaintiff agreed to

18   every word in the Stipulated Motion (Gottfried at 26, 27) and it does not point to any

19   word or phrase in the Stipulated Motion that supports this claim.  This motion (328)

20   should be denied.

21        **2.  The Court's Second Question.**

22        The Court's second question is:  "what consent did Defendants receive from PLN

23   between the morning of December 18, 2019, when PLN's counsel agreed to a stay

24   regarding delivery only until the principal stay motion was resolved and 8:19 p.m. on

25   December 18, 2019, when the stipulation was filed, that rendered accurate Defendants'

26   counsel's representation that 'this document and the proposed order has been approved

27   and agreed to by Plaintiff's counsel?'"   This answer is:  written consent from Plaintiff's

28

counsel to file the identical document and proposed order that was filed.  (Gottfried at 19, 21-28.)

A draft Stipulated Motion was sent to Plaintiff's counsel at 2:17 p.m. and 2;23 p.m. on December 18, 2019.  (*Id*. at 19.)  A draft proposed order was also sent that day.  (*Id*.)  On the same day, December 18, 2020, at 4:22 p.m. Plaintiff's counsel sent a redlined version of the draft Stipulated Motion and proposed order (*Id*. at 21.) He wrote:

> Attached are redline versions of both the extension motion and the proposed order, mainly to and some wording changes and address what should happen if a stay is granted by either court.

> Please review and, if you are fine with these changes, you can file these versions. Thanks.

(*Id*.)

Undersigned defense counsel had no issues with Plaintiff's counsel's redlined changes and accepted them into the final stipulated motion document.  There was a minor problem with Plaintiff's redlined version of the proposed order that was quickly resolved.  (*Id*. at 23-24.)  Once resolved, undersigned counsel wrote to Plaintiff's counsel at 8:13 p.m. that her revisions to the proposed order were perfect and that he would file the Stipulated Motion and proposed Order "tonight or in the morning."  (*Id*. at 25.)  The Stipulated Motion and proposed Order was filed at 8:19 p.m. on December 18, 2019.  (*Id*. at 26; doc.  318.)

Once filed, Plaintiff did not object to the Stipulated Motion, or in any way contend that the Stipulated Motion was inconsistent with the parties' agreement or that defense counsel was not authorized to file it.  Similarly Plaintiff made no such claims in its Reconsideration Motion or Reply.  (Docs. 328, 331.)

The filed Stipulated Motion incorporated all of the redlined suggestions made by Plaintiff and the filed document is exactly the same as Plaintiff's redlined document (except obviously without the redlining markings).  (Gottfried at 26.)  Plaintiff's counsel explicitly stated in writing that if defense counsel was "fine with these changes, you can file these versions."  (*Id*.)  Undersigned defense counsel was fine with Plaintiff's changes

1   to the Stipulated Motion, accepted and incorporated all of Plaintiff's changes to the

2   Stipulated Motion and filed it consistent with Plaintiff's counsel's email. (*Id.*)[1]

3   Undersigned counsel had Plaintiff's counsel specific written consent to file the identical

4   document and proposed order that was filed at Doc. 318.

5        Accordingly, for the above reasons, it is respectfully requested that Plaintiff's

6   Motion for Clarification and Reconsideration of January 24, 2020 Order (doc. 328) be

7   denied.

8        RESPECTFULY SUBMITTED this 6th day of March, 2020.

9                                          MARK BRNOVICH
                                           Attorney General
10

11                                         /s/ Michael E. Gottfried
                                           Michael E. Gottfried
12                                         Assistant Attorneys General
                                           *Attorneys for Defendants*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____
        [1] In the thirty-plus years undersigned counsel has been practicing law he has never
28   represented to a court that a "document and the proposed order has been approved and
     agreed to by Plaintiff's counsel" when that was not true.  It was true here.  (Gottfried at
     28.)

1

**CERTIFICATE OF SERVICE**

2

3
        I hereby certify that on March 6, 2020, 2020, I electronically transmitted the attached document to the Clerk of Court using the CM/ECF System.

4
        This document and the Notice of Electronic Filing were served on the same date

5
on the following, who are registered participants of the CM/ECF System:

6
Lisa Ells
Caroline E. Jackson

7
Rosen, Bien, Galvan & Grunfeld LLP
50 Fremont Street, 19th Floor

8
San Francisco, CA 94105-2235
Attorneys for Plaintiff Prison Legal News

9
Daniel Marshall

10
Human Rights Defense Center
P.O. Box 1151

11
Lake Worth, FL 33460-1151
Attorneys for Plaintiff Prison Legal News

12
David J. Bodney

13
Michael DiGiacomo
Ballard, Spahr LLP

14
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

15
Attorneys for Plaintiff Prison Legal News

16
s/ L. Fuentes
Secretary to Michael E. Gottfried

17
#8582204

18

19

20

21

22

23

24

25

26

27

28