# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prison Legal News, | No. CV-15-02245-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

On December 18, 2019, Defendants Shinn, Rittenhouse, Hood, Olson, Riggs and Guzman (collectively "Defendants") filed a stipulated motion to extend the deadline to deliver the October 2014, April 2017, May 2017, and June 2017 issues of *Prison Legal News* to current ADC-prisoner subscribers. (Doc. 318.) In relevant part, the motion read "Should this Court or the Ninth Circuit Court of Appeals enter an order granting a stay pending appeal, Defendants shall deliver the subject issues of *Prison Legal News* within 30 days of the lifting of the stay." (Doc. 318 at 1–2). The Court granted the stipulated motion on December 19, 2019, ordering delivery of the subject issues "within 30 days of the lifting of the stay" if Defendants' motion for a stay pending appeal was granted. (Doc. 319.) On January 24, 2020, the Court granted Defendants' motion for a stay pending appeal, and ordered that "[t]he previous stay regarding delivery of the previously censored October 2014, April 2017, May 2017, and June 2017 issues of Prison Legal News remains in place." (Doc. 325 at 6.)

Plaintiff Prison Legal News ("PLN") filed a motion for reconsideration of the

portion of the January 24, 2020 Order regarding delivery, asserting that "PLN did not stipulate to stay delivery of the previously censored issues through the completion of the entire appeal," and that "PLN would not and did not agree to stay redelivery for the multiple years the appeal in this matter is likely to be pending in the Ninth Circuit, despite Defendants' request." (Doc. 328 at 2–3.) Defendants have replied with evidence that the sentence at issue, "Should this Court or the Ninth Circuit Court of Appeals enter an order granting a stay pending appeal, Defendants shall deliver the subject issues of *Prison Legal News* within 30 days of the lifting of the stay," was proposed by Plaintiff's counsel to "address what should happen if a stay is granted by either court." (Doc. 333 at 5, Doc. 333-2 at 15–17.) Plaintiff clearly agreed and stipulated to stay redelivery until 30 days after the conclusion of a stay pending appeal; in other words, PLN stipulated to stay redelivery through the completion of the entire appeal.

Accordingly,

**IT IS ORDERED** Plaintiff's Request for Clarification and Reconsideration of January 24, 2020 Order is **DENIED**.

Dated this 10th day of March, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge