**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prison Legal News, | No. CV-15-02245-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

The Ninth Circuit concluded the definition for "sexually explicit material" contained in Defendants' publication policy was not facially unconstitutional. *Prison Legal News v. Ryan*, 39 F.4th 1121, 1135 (9th Cir. 2022). To reach that conclusion, the Ninth Circuit adopted a narrow construction of the definition such that it only covered material that contained more than "a mere mention" of sex. *Id.* at 1130. Thus, under the Ninth Circuit's interpretation of the definition, material will only qualify as "sexually explicit" if it contains "a level of description akin to that of a painting." *Id.* In light of this narrow construction, the definition was constitutional.

The Ninth Circuit also addressed "a broader prohibition" in Defendants' publication policy. The Ninth Circuit concluded a portion of that prohibition was unconstitutional on its face and, therefore, had to be severed from the remainder of the prohibition. The bolded portion of the following quote is the portion identified by the Ninth Circuit as requiring severance:

Content in publications, photographs, drawings, or in any type of image or text, **that may, could reasonably be anticipated**

**to, could reasonably result in, is or appears to be intended to cause or encourage sexual excitement or arousal or hostile behaviors, or that depicts sexually suggestive settings, poses or attire,** and/or depicts sexual representations of inmates, correctional personnel, law enforcement, military, medical/mental health staff, programming staff, teachers or clergy.

*Id.* at 1133.

In addition to the facial challenges, the Ninth Circuit addressed two as-applied challenges to different editions of Plaintiff's publication. The Ninth Circuit concluded Plaintiff prevailed on one as-applied challenge but the other had to be remanded for additional proceedings.

After remand, Defendants did not change the definition of "sexually explicit material" in their publication policy. Defendants did, however, amend their policy to take out the bolded language cited above. Defendants also delivered the two publications that were at issue in the as-applied challenges. The Court then ordered briefing to determine what, if anything, was still pending. Based on their briefing, the parties disagree on three issues. First, whether Defendants should be required to amend their definition of "sexually explicit material." Second, whether the Court should require additional training of officers responsible for reviewing publications to ensure the policy is implemented as the Ninth Circuit envisioned. And third, whether Plaintiff is entitled to an award of attorneys' fees.

**A. Current Definition is Permissible**

Plaintiff believes the Court should order Defendants to amend the definition of "sexually explicit material" to reflect the narrow construction of that term imposed by the Ninth Circuit. Plaintiff lost its facial challenge to the definition. Therefore, there is no constitutional flaw to remedy by way of an injunction. To the extent Plaintiff fears Defendants will continue to apply the definition too broadly, Plaintiff's remedy will be an as-applied challenge. Because the Ninth Circuit concluded the current definition is constitutional, this Court cannot require Defendants amend that definition.

**B. Additional Training Not Required**

Plaintiff argues the Court should require additional training to ensure Defendants

apply the definition of "sexually explicit material" as it was construed by the Ninth Circuit. Again, Plaintiff's facial challenge to the definition failed. Thus, the Court has no basis for ordering additional training regarding proper application of the definition.

**C. Attorneys' Fees Will Be Resolved in the Future**

The parties' final disagreement involves attorneys' fees. Defendants request the Court preemptively rule Plaintiff is not entitled to an award of any fees. (Doc. 347 at 7). In support, Defendants argue "[p]laintiffs are entitled to an award of fees when they 'prevailed on the merits and *achieved excellent results*.'" (Doc. 347 at 8) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 431 (emphasis added)). Defendants' quotation is misleading because "excellent results" requires an award of all fees incurred. *Hensley*, 461 U.S. at 435. When, as here, a plaintiff achieves only limited success, fees may still be awarded. The amount of those fees, however, might be less than all the fees incurred. Based on defense counsel's extensive experience with federal litigation, they know entitlement to some amount of fees does not require "excellent results." And Defendants do not cite any case where a plaintiff prevailed on some of its claims, but the Court prohibited that plaintiff from even filing a motion for fees. Defendants' request for a ruling that no fees will be awarded must be denied. The amount of fees will be resolved after full briefing.

**D. Form of Final Judgment**

The Ninth Circuit concluded certain language in Defendants' policy was unconstitutional, but Defendants subsequently removed that language from the policy. Therefore, Plaintiff's challenge to that language is moot. Similarly, the Ninth Circuit affirmed Plaintiff's victory on one as-applied challenge to an edition of its publication and remanded another as-applied challenge to a different edition of its publication. Defendants subsequently delivered both editions of the publication, meaning Plaintiff's as-applied challenges are moot. Plaintiff did not prevail on other aspects of their claims. In these circumstances, there is nothing left for the Court to adjudicate. *See Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (holding "[i]n general, when an administrative agency has performed the action

sought by a plaintiff in litigation, a federal court lacks the ability to grant effective relief, and the claim is moot").  The Court will therefore enter judgment in favor of Defendants. This judgment, however, should not be construed as any ruling regarding Plaintiffs' success for purposes of an application for attorneys' fees.  *See Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 717 (9th Cir. 2013) (noting "defendant's action in rendering the case moot" did not prevent plaintiff from being prevailing party for purposes of award of attorneys' fees).

Accordingly,

**IT IS ORDERED** the Clerk of Court shall enter a judgment in favor of Defendants. Dated this 26th day of January, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge